

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

May 6, 2022

**VIA ECF**

Judge Gary R. Brown
100 Federal Plaza
Central Islip, New York 11722
Courtroom 940

**Re:**   *Anderson St. John v. ADESA, Inc.*, Case No. 2:22-cv-01257-GRB-AYS

Dear Judge Brown:

      This firm represents Defendant ADESA, Inc. ("ADESA") in the above-referenced action. Pursuant to Your Honor's Individual Rule No. II(f), we respectfully write to request that the Court schedule a pre-motion conference in order to address ADESA's contemplated motion to dismiss Plaintiff's Complaint. This letter will briefly outline ADESA's contemplated motion.

      ADESA will respectfully move this Court for an order: (i) adding ADESA NY, LLC as a defendant to this action pursuant to Federal Rules of Civil Procedure 19(a) or 20(a)(2) because ADESA NY, LLC is a mandatory party by virtue of the fact that it issued pay checks to Plaintiff and the putative class members; (ii) declining to exercise jurisdiction pursuant to the Class Action Fairness Act ("CAFA") because both the local-controversy and home-state exceptions to CAFA jurisdiction  exist here pursuant to 28 U.S.C. § 1332(d)(3) or (4); or, alternatively, (iii) dismissing the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of Article III standing, or 12(b)(6) for failure to state a cause of action.

### ADESA NY, LLC and CAFA Jurisdiction

      The Court should join Plaintiff's actual employer –ADESA NY, LLC – as a necessary or proper defendant under either Federal Rules of Civil Procedure 19(a) or 20(a)(2). Plaintiff identifies ADESA NY, LLC throughout his Complaint, but refrained from naming that entity as a Defendant because to do so would bring his claim within the local-controversy and home-state exceptions to CAFA jurisdiction. Plaintiff does so because proceeding in state court – the natural forum for an in-state class raising solely state-law claims – would deprive him, pursuant to Section

April 4, 2022
Page 2


901(b) of the New York Civil Practice Law and Rules, from seeking his windfall of liquidated damages as the remedy in this action. The Court should not entertain this naked forum shopping.

### No Concrete Injury Sufficient to Support Article III Standing

The Court should dismiss Plaintiff's claim because he lacks Article III standing. Plaintiff's allegation does not meet the concrete injury standard set forth in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021) or *Maddox v. Bank of New York Mellon Trust Co.*, 19 F.4th 58, 62 (2d Cir. 2021). Plaintiff's complaint suffers from the same infirmity as the complaint dismissed in *Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-4313, 2022 WL 198503 (Jan. 21, 2022) for lack of standing. ADESA incorporates herein the arguments made in reply to the Court's *sua sponte* order to show cause why the Complaint should not be dismissed.

### No Private Right of Action for Frequency-of-Pay Claims

The Court should dismiss the Complaint *with prejudice* because the New York Law Labor ("NYLL") does not provide Plaintiff with a private right of action to bring his NYLL § 191 frequency-of-pay claim. This Court is not bound by the wrongly decided intermediate court decision in *Vega v. CM & Assocs. Constr. Mgm't, LLC*, 175 A.D.3d 1144 (1st Dep't 2019). If appealed to the Second Circuit, the Second Circuit could make an independent prediction of how the Court of Appeals would rule or, more likely, certify the question to the Court of Appeals for a dispositive determination on this disputed issue. *Vega*'s holding that Section 191 contains an *express* right of action is nonsensical on its face, and rests entirely on a misreading of *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457 (1993), *and* a misreading the Merriam-Webster Dictionary. *Vega*'s alternative holding that Section 191 contains an *implied* right of action, meanwhile, has been abrogated by the Court of Appeals' recent decision in *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022). Plaintiff's alternative basis for its single claim, which is premised on NYLL § 193 – which deals with deductions from a paycheck – should also be dismissed because the failure to pay wages is not a "deduction" covered by that provision.

### Conclusion

Plaintiff – who was paid in full during his entire employment at ADESA – has no basis for invoking the Court's jurisdiction under CAFA, no standing to pursue his claims in federal court, and no private right of action to pursue his claim.  The Court should dismiss his Complaint.

April 4, 2022
Page 3


Sincerely,

*/s/ Eli Z. Freedberg*

Eli Z. Freedberg
Shareholder

EZF