**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

May 24, 2022

**VIA ECF**

Judge Gary R. Brown
100 Federal Plaza, Courtroom 940
Central Islip, NY 11722

        Re:    *St. John v. Adesa, Inc.*
              No. 22 CV 01257

Dear Judge Brown:

      We represent the Plaintiff in the above-referenced action. As directed by the Court, I write in response to Defendant's pre-motion letter (DE 15) concerning its anticipated motion to dismiss.

**I.    Adesa NY, LLC and CAFA Jurisdiction**

      Adesa NY, LLC is not a necessary party subject to mandatory joinder under Fed. R. Civ. P. 19.[1] Plaintiff's complaint alleges that Defendant Adesa, Inc. was Plaintiff's employer under a single employer and/or joint employer theory. If Plaintiff prevails under either theory, Defendant and Adesa NY, LLC would be joint tortfeasors subject to joint and several liability. *E.g.*, *Flo v. Campos Group, Inc.*, No. 20 CV 2506, 2021 U.S. Dist. LEXIS 173628, at *27-28 (E.D.N.Y. Sept. 10, 2021); *Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 661 (E.D.N.Y. 2020). It is black letter law that joint tortfeasors are not mandatory parties: "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). Rather, joint torteasors are "merely permissive parties." *Id.* at 8. Accordingly, Defendant cannot compel the addition of Adesa NY, LLC as a Defendant pursuant to Fed. R. Civ. P. 19. *See Local 1180, Communs. Workers of Am. v. City of New York*, 318 F. Supp. 3d 672, 680 (S.D.N.Y. 2018).

      That being said, if Adesa NY, LLC is not a New York citizen, Plaintiff would not object to adding that company as a Defendant. As a limited liability company, Adesa NY, LLC has the citizenship of its members. *Jean-Louis v. Carrington Mortg. Servs.*, 849 F. App'x 296, 298 (2d Cir. 2021). Thus, in order to determine Adesa NY, LLC's state of citizenship, Defendant or Adesa NY, LLC would need to identify the company's members and their respective states of citizenship.

---

[1] As Fed. R. Civ. P. 20 governs *permissive* joinder, there is no basis for Defendant to compel joinder of Adesa NY, LLC under that rule.

1

## II. Standing

The parties have already briefed the issue of Article III standing in response to this Court's March 17, 2022 Order to Show Cause. For the reasons set forth in Plaintiff's response to the Order to Show Cause (DE10), Plaintiff has standing.

## III. There Is a Private Right of Action for N.Y. Lab. L. § 191 Claims, and the Late Payment of Wages Violates N.Y. Lab. L. § 193

There is a private right of action for claims of untimely wage payments under N.Y. Lab. L. § 191, and Defendant's argument to the contrary has been soundly rejected by every federal court that has considered the issue. To be sure, in *Caccavale v. Hewlett-Packard Co.*, No. 20 CV 974 (GRB), this Court denied a motion to dismiss a N.Y. Lab. L. § 191 claim that was premised on the argument that there is no private right of action under the statute for late-paid wages. In *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019), the court held that N.Y. Lab. L. § 198(1-a) expressly established that private right of action. 175 A.D.3d at 1146. N.Y. Lab. L. § 198(1-a) provides a private right of action for "wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6," *id.* at 1145 (internal quotation marks omitted), and mandates an award of liquidated damages equal to the amount of the underpaid wages unless the employer establishes the affirmative defense that "a good faith basis to believe that its underpayment of wages was in compliance with the law[.]" N.Y. Lab. L. § 198(1-a). The *Vega* court correctly held that an employee suffers an "underpayment" "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a)[.]" *Vega*, 175 A.D.3d at 1145.

*Vega* is the only New York state court appellate decision that has issued a holding regarding the existence of a private right of action for N.Y. Lab. L. § 191 claims. Therefore, this Court is bound to follow *Vega* "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005). There is no such persuasive data. As such, "every court in this Circuit to consider [*Vega*] appears to have followed its construction of the New York Labor Law." *Caul v. Petco Animal Supplies, Inc.*, No. 20 CV 3534, 2021 U.S. Dist. LEXIS 184652, at *6-7 (E.D.N.Y. Sept. 27, 2021); *see also Mabe v. Wal-Mart Assocs.*, No. 20 CV 591, 2022 U.S. Dist. LEXIS 53492, at *9 (N.D.N.Y. Mar. 24, 2022); *Caul v. Petco Animal Supplies, Inc.*, No. 20 CV 3534, 2021 U.S. Dist. LEXIS 253174, at *2-3 (E.D.N.Y. Dec. 22, 2021) ("There is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed wage payments under the NYLL"). In addition, as one court in this Circuit has already found, the decision in *Konkur v. Utica Academy of Sci. Charter Sch.*, 38 N.Y.3d 38 (2022), in no way supports the conclusion that the New York Court of Appeals would not follow *Vega* regarding an implied private right of action for N.Y. Lab. L. § 191 claims. *See Mabe*, 2022 U.S. Dist. LEXIS 53492, at *19-20. Finally, under New York's No Wage Theft Loophole Act ("NWTLA"), which was enacted on August 19, 2021 and applies retroactively, the late payment of wages plainly violates N.Y. Lab. L. § 193.

For the foregoing reasons, Defendant's anticipated motion to dismiss should be denied. We thank the Court for its attention to this matter.

                                      Respectfully submitted,

                                      <u>/s/ Denise A. Schulman</u>
                                      Denise A. Schulman

cc: All counsel (via ECF)