**FILED**
**CLERK**

7/5/2022 2:43 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

ANDERSON ST. JOHN              . Civil No. 22-cv-01257-GRB-AYS
                               .
                               .
           -vs-                . 100 Federal Plaza
                               . Central Islip, NY 11722
ADESA, INC.                    .
                               . DATE:  June 29, 2022
. . . . . . . . . . . . . . . .


                   TRANSCRIPT OF TELEPHONE CONFERENCE
                   BEFORE THE HONORABLE GARY R. BROWN
                       UNITED STATES DISTRICT JUDGE

APPEARANCES:

For The Plaintiff:       JOSEPH & KIRSCHENBAUM, LLP
                         BY:  DENISE ANDREA SCHULMAN, ESQ.
                              MAIMON KIRSCHENBAUM, ESQ.
                         32 Broadway, Suite 601
                         New York, NY  10004

For The Defendant:       LITTLER MENDELSON, P.C.
                         BY:  MIGUEL A. LOPEZ, ESQ.
                              ELI Z. FREEDBERG, ESQ.
                         900 Third Avenue
                         New York, NY  10022
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

___

**TRACY GRIBBEN TRANSCRIPTION, LLC**
**PO BOX 688**
**Middletown, NJ 07748**
**(732) 263-0044    Fax No. 732-865-7179**
**800 603-6212**
**www.tgribbentranscription.com**

2

```
 1                        I N D E X
 2
 3  ORAL ARGUMENT                                      PAGE
 4       BY MR. LOPEZ                                   3
 5  DECISIONS (concrete injury/private right of action)  5
 6
 7  ORAL ARGUMENT
 8       BY MR. LOPEZ                                   6
 9       BY MS. SCHULMAN                                8
10  DECISION (LLC citizenship)                      (reserved)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        THE CLERK: Civil 2022-1257, St. John versus Adesa,
2   Incorporated. Counsel, please state your appearance for the
3   record. Plaintiff goes first.
4        MS. SCHULMAN: Denise Schulman and Maimon
5   Kirschenbaum for the plaintiff.
6        MR. LOPEZ: Miguel Lopez and Eli and Freedberg for
7   defendant.
8        THE COURT: Okay, very good, counsel we're here for a
9   premotion conference, please remember, as you know from my
10  rules and the order that set up the conference for today, that
11  anyone can make any motion they want, but I reserve the right
12  to deem the motion made and decide it. So, and I'm going to go
13  a little bit out of order here, because some of this is easier
14  than other parts.
15       I want to go defense counsel first, and tell me about
16  the standing and the private right of action aspects of your
17  motion, please.
18       MR. LOPEZ: Okay. This is Miguel Lopez on behalf of
19  Adesa, Inc. And we are moving under 12(b)(1) for lack of
20  standing. Plaintiff has not shown concrete injury as defined
21  in Trans Union by the Supreme Court and Mannix (phonetic) by
22  the Second Circuit.
23       They've alleged time value, but that's not
24  sufficient. Our --
25       THE COURT: Wait, wait, wait, stop right there, stop

1  right there.  Why is time value not sufficient?

2         MR. LOPEZ:  Well it's not a concrete allegation of
3  injury or of harm. And there's numerous case law stating that
4  it's not sufficient as we cited in our reply to the Court's
5  order to show cause.  In this case, plaintiff could have
6  alleged in theory that he missed a rent payment, or missed a
7  bill payment.  Instead the wording of the complaint says that
8  he could have suffered these injuries because of a missed
9  payment.

10        Of course even if a missed payment could have led to
11 these injuries, there's no explanation as to why these injuries
12 could have been averted by the fact that he received a double
13 payment on the pay days that he actually did receive a check.

14        So it's speculative and nebulous within the meaning
15 of the controlling case law.  And it's also discussed in the
16 District Court <u>Rosario</u> opinion as well.

17        THE COURT:  Okay.  And then when you say there's no
18 private right of action, I think that's just wrong. Am I wrong
19 about that?

20        MR. LOPEZ:  Well we candidly take the position that
21 there is none.  And I think we have to first, the standard for
22 this Court in a diversity action is to look to see what the
23 Court of Appeals, in this case, the highest court here, has
24 ruled. The Court of Appeals have not ruled that there's a
25 private right of action, so all of these cases finding that

there is one have turned on the Vega (phonetic) decision, which itself has two alternative holdings. One is that there's an express right, and one that there's an implied right.

For the express right, it's our position it's just wrong.  It relies on -- not only does it misinterpret the Gottlieb (phonetic) decision from the First Department.  But it misquotes it in its reliance.  And it pairs that with reliance on a Miriam Webster definition, which frankly should to be given any weight in the (indiscernible-background noise) by the Court of Appeals.

As for the implied right, that analysis in Vega was impliedly abrogated by the more recent decision in Concur (phonetic) from the Court of Appeals.

THE COURT:  Okay. Well, all right, I'm going to make a couple of findings here.  I find that I believe that at least at this juncture there is a sufficient allegation of concrete injury to sustain the complaint. I do not -- I'm quite familiar with those cases.  And the Supreme Court has emphasized over and over again that if there's any economic component, doesn't matter how small, that it constitutes concrete injury.  So I do think that the delay in payment winds up to be, whether one wants to call it time value or something else, it is a concrete injury.  I'm entitled to be paid on Friday, and I don't get it until the following Friday.  I think that's one of those small injuries that does apply.

1          And as to the no private right of action, I was very
2  surprised by the motion because I've handled these cases
3  before.  And right now there is one, so for now I'm going to
4  deny those aspects.
5          It is the remaining portion of the motion to find
6  quite intriguing.  And that's the whole question of the CAPA
7  standing. And part of it turns on something that's implied in
8  everyone's papers, but no one is giving me the answer, which is
9  the LLC at issue here, let's do it a little backward first,
10 assuming that they are in fact the employer or either a
11 ((indiscernible) joined party, what's the citizenship of the
12 LLC?
13         MR. LOPEZ:  The LLC is a New York company.
14         THE COURT:  Okay.  And, well, when you say that, the
15 question is, who are its members.  Now the complaint says that
16 Kar Auto Auctions, Inc. is the sole member of the LLC.  I
17 wanted to ask you, is that from your position true?  And what
18 is Kar, is Kar a New York corporation?  That's the part I don't
19 know.
20         MR. LOPEZ:  Well for our 12(b)(1) motion we'll be
21 submitting a declaration setting forth who the members of the
22 LLC are, but it's ultimately a New York LLC.
23         THE COURT:  Okay.  So when the complaint says that
24 the only member of the LLC is Kar Auctions Inc., that's not
25 true?

```
 1              MR. LOPEZ:  I don't want to get ahead of our filing,
 2   because it's a little bit complicated, the ownership structure.
 3   But there's more to it than that.  And for the purposes of the
 4   analysis, it is a New York company.
 5              THE COURT:  So Kar, K A R, is -- as a New York
 6   company, yes?
 7              MR. LOPEZ:  Adesa NY, LLC.
 8              THE COURT:  Wait, say that again?
 9              MR. LOPEZ:  Kar -- Adesa NY, LLC is a New York
10   company.
11              THE COURT:  No, my question is, Kar Auto Action,
12   Incorporated is a New York corporation?  That's the part I
13   don't know.
14              MR. LOPEZ:  We, I do not have that answer offhand.  I
15   know that we have spoken with the client about the analysis and
16   are satisfied and will show when we make our motion that Adesa
17   NY, LLC is a New York company for purposes of the analysis. But
18   I'm not sure as to that particular entity.
19              THE COURT:  Okay.  To your knowledge, is Kar,
20   Incorporated one of the members of the LLC?
21              MR. LOPEZ:  I think that there are intermediate steps
22   that make that not the case.  And by intermediate steps, I mean
23   intermediate entities in the ownership structure.
24              THE COURT:  All right.  Good, let me go to defense
25   counsel for the moment -- plaintiff's counsel for a moment on
```

1 this. I'm confused by your position on this in terms of, is
2 the LLC the employer or not?
3 　　　　MS. SCHULMAN: Well so our allegation is that there
4 are multiple employers under a joint employer and/or single
5 employer theory. So Adesa NY, LLC may be an employer of
6 plaintiff, but the defendant here Adesa, Incorporated, is also
7 an employer, and as such has joint and several liability. And
8 that's the reason why it is not necessary to name Adesa New
9 York, LLC as a defendant here.
10 　　　　THE COURT: I'm puzzled by the joint tortfeasor, and
11 I'm not sure it's properly categorized as tortfeasors. But if
12 I accept your thought that it's a single integrated employer,
13 right, you have that single integrated employer theory, and
14 when I say you, I mean cases say that. My question is, if you
15 have a single integrated employer that consists of a, let's
16 called a New York company and a Delaware company, I don't even
17 know, it doesn't matter, but two different places. What's the
18 citizenship of the single integrated employer?
19 　　　　MS. SCHULMAN: Well each defendant has its own
20 separate citizenship. So that's why you can choose which one
21 to name. And if the entity that is named is not a citizen of
22 New York you'll have diversity.
23 　　　　THE COURT: I find it hard to believe that that's how
24 that works. I don't -- that doesn't feel right to me. But let
25 me ask you a couple of factual questions. Do you agree that if

1  -- I mean you have this interesting reference in your letter,
2  like you don't object to Adesa, LLC being added, unless they're
3  going to mess up diversity.  I mean do you have a view or do
4  you know what their citizenship is at this point?
5          MS. SCHULMAN:  No, we believe that Kar Auction
6  Services is the, was the whole owner.  But it's obviously very
7  difficult to get, to figure out exactly who the members are, it
8  sounds like from defense counsel that it's a rather complicated
9  structure.
10         THE COURT:  For me too actually to figure this out,
11 it's very hard.  But that's all right, we will. But you believe
12 Kar to be a New York corporation?
13         MS. SCHULMAN:  No.  Offhand --
14         THE COURT:  Oh what --
15         MS. SCHULMAN:  Offhand I'm not sure what its
16 citizenship is.  But I know it's based in Indiana.  It may be a
17 Delaware corporation as far as where it was incorporated.  But
18 I'm not certain about that.
19         THE COURT:  I mean because if your complaint is
20 correct, and that's all I have in front of me, that's the sole
21 member of the LLC, so that's the citizenship of that
22 corporation would be the citizenship of the LLC, I think.
23         MS. SCHULMAN:  Right.
24         THE COURT:  But there seems to be more to this.  So
25 okay.  What we need to do then, all right, so I'm going to deem

1  as made and deny the motions on standing and private right of
2  action.  Because I don't find that there's anything there.
3           But let's get to the one that matters here, which is
4  the, either permissive of mandatory joinder of the LLC and
5  whether or not that requires, under the home rule exception or
6  the local dispute exception of CAPA, dismissal of the case.
7  I'd like you to make that as one motion please. In other words,
8  let's deal with that at the same time.  Assuming you have the
9  materials, and obviously you have to give me the materials that
10 show a couple of things, that show the citizenship, right. So
11 we have to, I'll need to see that from defendants on its
12 motion.
13          And then also I'll have some factual submissions
14 concerning, I mean the complaint kind of alleges it, but
15 whether or not the LLC was the employer.  Are they doing the
16 paychecks or the taxes or -- I'm not limiting that, I'm giving
17 you as examples.  But what is it that would support the
18 conclusion that the LLC was the employer.
19          So if you're going to submit a motion of that nature,
20 right, including those factual materials, how long will it take
21 you to submit that motion, to serve it first, we're going to do
22 a bundling rule, so it all at once.  How long will it take you
23 to take you to get your papers to your adversary?
24          MR. LOPEZ:  Your Honor, I just want to clarify, for
25 the motion that you're proposing or that you're proposing we

1  submit, you'd like us to brief the citizenship of Adesa NY, LLC
2  as well as their role as the employer of the plaintiff?
3              THE COURT:  Right, and assuming, I assume this is,
4  you're going to efficient, it's a New York LLC, you think
5  you're going to be able to demonstrate that, and that requires
6  dismissal under CAPA because there's no jurisdiction, I would
7  want you to over that piece too.
8              MR. LOPEZ:  Right.  Well we'd like to -- understood,
9  we would like two weeks to submit the motion.
10             THE COURT:  Okay, you'll serve it first.  That's
11 great.  They'll get you their papers in two weeks. I'm going to
12 ask counsel of plaintiff, when will you respond to that?
13             MS. SCHULMAN:  So two weeks is July 13th -- August
14 5th?
15             THE COURT:  Okay.  And then I'll give defendants a
16 week to --
17             MR. LOPEZ:  I --
18             THE COURT:  Sorry?
19             MR. LOPEZ:  I'm sorry, Your Honor, this was my
20 mistake, I neglected to notice that the, we have a holiday
21 coming up, and given that we'll need client declarations, we'd
22 appreciate three weeks to brief the motion rather than two.
23             THE COURT:  Sure.  Wait a minute, what holiday is
24 that?  July 4th, we're very supportive of that.  Big one for
25 our court, sure.  Three weeks.  Then when will be your response

1  date, let me back to plaintiff please.
2          MS. SCHULMAN:  That gets a little more difficult
3  because it's going to run into, I'm on vacation starting August
4  12th.  So I would ask for August 26th.
5          THE COURT:  Sure.  And then I'll give defendant ten
6  days thereafter to prepare any reply and you'll file the entire
7  thing as one bundled motion.  Fair?
8          MR. LOPEZ:  Yes, so that's July 20th and August 26th
9  for the moving and for the opposition?
10         THE COURT:  And then ten days later, you'll file it
11 with any reply, any brief reply that you have, okay?
12         MR. LOPEZ:  Okay.  Understood.
13         MS. SCHULMAN:  Could we serve within the next week
14 some targeted discovery concerning the citizenship issue?
15         THE COURT:  Well what are you going to be looking
16 for?
17         MS. SCHULMAN:  To identify the members and their
18 states of citizenship.
19         THE COURT:  Well I presume -- listen, I presume
20 that's going to be part of the motion, right.
21         MR. LOPEZ:  Correct.
22         THE COURT:  And I mean the factual materials will
23 come to you by way of the motion papers. If you have reason to
24 doubt authenticity or something you can get into that, but it
25 should be pretty pro forma stuff, I mean I don't think there's

1  going to be much to say.  So the answer is no, I wouldn't do
2  any discovery, let's just see how the motion papers come out. I
3  think you should have everything you need. Because if they're
4  not going to convince you of their citizenship, they're not
5  going to convince me, so the papers should be there, yes?
6              MS. SCHULMAN:  All right, thank you.
7              THE COURT:  Okay, what else?
8              MR. LOPEZ:  Your Honor, on behalf of defendant, we
9  understand your ruling denying the motion with respect to the
10 private right of action. However if you allow, we'd like to
11 brief the point about the scope of the damages, because even if
12 plaintiff has suffered damages or injury because of the missed
13 pay period, we believe the damage should be limited to what
14 they have alleged, the time value of the money and not for the
15 entire week of pay, which in any event they received in the
16 following pay period --
17             THE COURT:  Honestly, the motion is focused on
18 whether or not it's my case or not.  Right. So if it's going to
19 be a State Court case, I don't want to start making rulings on
20 the substance of it.  So for now, let's just, let's get the
21 venue straightened out.
22             MR. LOPEZ:  Understood.
23             THE COURT:  Okay.  Good.  All right, anything else?
24             MS. SCHULMAN:  Nothing for plaintiff.
25             MR. LOPEZ:  And nothing else for the defendant.

1  THE COURT: Okay, in that case we're adjourned.

2                          * * * * *

3                       **C E R T I F I C A T I O N**

4      I, **PATRICIA POOLE**, court approved transcriber,
5 certify that the foregoing is a correct transcript from the
6 official electronic sound recording of the proceedings in the
7 above-entitled matter.

8

9

10 /S/ PATRICIA POOLE
11 TRACY GRIBBEN TRANSCRIPTION, LLC      DATE: July 2, 2022