UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDERSON ST. JOHN, individually and on behalf of all others similarly situated,

                Plaintiffs,

    -against-

ADESA, INC.,

                Defendant.

Case No. 2:22-cv-01257-GRB-AYS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Eli Z. Freedberg
Miguel A. Lopez
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Fl.
New York, NY 10022
efreedberg@littler.com
malopez@littler.com
212.583.9600

*Attorneys for Defendant ADESA, Inc. and proposed Defendant ADESA New York, LLC*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF RELEVANT ALLEGATIONS .................................................................... 2

LEGAL STANDARD .................................................................................................................. 3

ARGUMENT ............................................................................................................................... 4

    I.    The Court Should Join ADESA NY as a Proper Defendant to this Action ........... 4

        A.    ADESA NY is a Required Party to this Action ......................................... 4

        B.    ADESA NY is Otherwise a Proper Party to this Action ............................ 5

    II.    The Court Must Dismiss this Action Under CAFA's Mandatory Geography Exceptions .................................................................................. 7

        A.    CAFA's "Local Controversy" Exception Applies ..................................... 7

            1.    Greater than 2/3 of class members are New York citizens ............ 8

            2.    ADESA NY is a significant defendant and citizen of New York ........................................................................................... 8

            3.    Principal Injuries Purportedly Incurred in New York .................... 9

            4.    No other class actions against Defendants ................................. 10

        B.    CAFA's "Home State Controversy" Exception Also Applies ................. 10

CONCLUSION ......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anders v. Verizon Commc'ns*,
  No. 16-cv-5654 (VSB), 2018 WL 2727883 (S.D.N.Y. June 5, 2018) ...................................... 3

*Brook v. UnitedHealth Grp. Inc.*,
  No. 06-CV-12954, 2007 WL 2827808 (S.D.N.Y. Sept. 27, 2007) ........................................... 7

*Claridge v. N. Am. Power & Gas, LLC*,
  No. 15-CV-1261 PKC, 2015 WL 5155934 (S.D.N.Y. Sept. 2, 2015) ...................................... 9

*Commisso v. PricewaterhouseCoopers*,
  No. 11-cv-5713 (NRB), 2012 WL 3070217 (S.D.N.Y. July 27, 2012) .................................... 8

*Ferrara v. Smithtown Trucking Co.*,
  29 F. Supp. 3d 274 (E.D.N.Y. 2014) ........................................................................................ 6

*Isbell v. City of New York*,
  316 F. Supp. 3d 571 (S.D.N.Y. 2018) ...................................................................................... 3

*Kurovskaya v. Project O.H.R.*,
  251 F. Supp. 3d 699 (S.D.N.Y. 2017) ...................................................................................... 8

*Liegey v. Ellen Figg, Inc.*,
  No. 02 Civ.1492 JSM JCF, 2003 WL 21361724 (S.D.N.Y. June 11, 2003) ........................... 6

*Makarova v. U.S.*,
  201 F.3d 110 (2d Cir. 2000) ..................................................................................................... 3

*Mattera v. Clear Channel Commc'ns, Inc.*,
  239 F.R.D. 70 (S.D.N.Y. 2006) ................................................................................. 4, 5, 9, 10

*Moore v. IOD Inc.*,
  No. 14-cv-8406 (VSB), 2016 WL 8941200 (S.D.N.Y. Mar. 24, 2016) ......................... 7, 8, 11

*Simmons v. Ambit Energy Holdings, LLC*,
  No. 13-cv-6240, 2014 WL 5026252 (S.D.N.Y. Sept. 30, 2014) .............................................. 9

*Sorrentino v. ASN Roosevelt Ctr.*,
  588 F. Supp. 2d 350 (E.D.N.Y. 2008) .................................................................................... 11

*Viada v. Osaka Health Spa, Inc.*,
  235 F.R.D. 55 (S.D.N.Y. 2006) ............................................................................................ 6, 7

**Statutes**

28 U.S.C. § 1332(d)(4) ....................................................................................................................1

28 U.S.C. § 1332(d)(4)(A) ..............................................................................................................8

28 U.S.C. § 1332(d)(4)(B) ............................................................................................................10

28 U.S.C. § 1332(d)(10) .................................................................................................................9

CAFA ..................................................................................................................................... *passim*

New York Labor Law .....................................................................................................................10

**PRELIMINARY STATEMENT**

This motion is necessary to address Plaintiff's deliberate attempt to mislead the Court regarding (i) the proper parties to this action, and (ii) the Class Action Fairness Act's ("CAFA") impact on the Court's subject matter jurisdiction over this New York centric dispute.

As an initial matter, Plaintiff purposefully omitted a proper party to this action: proposed Defendant ADESA NY, LLC ("ADESA NY"). Crucially, Plaintiff's sole claim in this action is a failure to timely pay wages. However, Plaintiff chose not to name ADESA NY as a party **despite admitting** that ADESA NY issued his paystubs, managed his workplace, and employed him. Equally troubling, Plaintiff continues to ignore CAFA's clear statutory text by arguing that the statute confers the Court with subject matter jurisdiction over this matter. Importantly, CAFA's mandatory geography-based exceptions were designed to keep this type of action - involving a New York citizen bringing claims on his own behalf and on behalf of other New York employees, based on work performed through the New York state locations of a company incorporated in and with its principal place of business in New York, for alleged violations of New York Labor ("NYLL") - out of federal court.

Accordingly, and for the reasons set forth more fully below, Defendant ADESA, Inc. and proposed Defendant ADESA NY respectfully request that this Court enter an order (1) joining ADESA NY as a defendant to this action as a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, or, in the alternative, a permissive party pursuant to Rule 20(a)(2) of the FRCP; and (2) dismissing this action for lack of subject matter jurisdiction pursuant to CAFA's mandatory local-controversy and home-state exceptions, 28 U.S.C. § 1332(d)(4).[1]

---

[1] ADESA reserves its alternative bases for dismissal pursuant FRCP 12(b)(1) and/or (b)(6), as set forth in summary form in ADESA's pre-motion letter (ECF No. 15).

1

## STATEMENT OF RELEVANT ALLEGATIONS[2]

*The Relevant and Proposed Parties*

Defendant ADESA, Inc.[3] ("ADESA") is a Delaware corporation with its primary place of business in Indiana. Compl. ¶ 11-13. Proposed Defendant ADESA NY, LLC ("ADESA NY") is organized under the laws of New York and is wholly owned by ADESA. *See* Declaration of Natalie Murray ("Murray Decl.") ¶ 4, **Exhibit A**. ADESA NY "manages the New York Adesa locations that are the subject of this action." Compl. ¶ 16. Those three locations are Buffalo, Syracuse, and Long Island. *See* Murray Decl. ¶ 3. ADESA NY employs all but one of the 303 employees working at those locations, and those 302 employees are all paid by ADESA NY. *See id.* ¶¶ 6-7. All 302 ADESA NY employees have primary residences in New York. *See id.* ¶ 6.

Plaintiff is a citizen of New York, previously employed as a tow truck driver in Yaphank, New York from 2016 through late 2020. Compl. ¶¶ 8, 9. Plaintiff was at all relevant times employed and paid by ADESA NY. *See* Murray Decl. ¶ 9; Compl. ¶¶ 17, 20. Plaintiff also brings this suit on behalf of a class of purported manual workers who worked at ADESA's New York locations (the "Putative Class"). Compl. ¶ 1.

*The Claims at Issue*

Plaintiff alleges that more than 25% of his worktime was spent performing physical labor, Compl. ¶ 42, and that he is therefore a "manual worker" within the meaning of Section 191, *id.* ¶¶ 1, 49. Plaintiff alleges that ADESA paid him and the Putative Class on a biweekly basis. *Id.* ¶¶ 44-46. Plaintiff does not allege that ADESA withheld any pay beyond the biweekly pay period.

---

[2] As required by Fed. R. Civ. P. 12(b)(6), Defendant assumes as true the allegations in the Amended Complaint for the purposes of this motion to dismiss only.

[3] Plaintiff incorrectly renders ADESA as "Adesa" throughout the Complaint in reference to the various ADESA entities. Defendant will use the proper spelling in this memorandum and in this litigation.

With respect to the injury he actually suffered as a result of being paid for his work in full on a biweekly, rather than weekly basis, Plaintiff alleges only the following:

> Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

*Id.* at ¶ 46.

Plaintiff does not allege which bill he could not pay due to the bi-weekly pay practice. Nor does he identify the goods that he was deprived of purchasing due to the bi-weekly pay practice. Plaintiff also fails to allege that he had a practice of investing his paycheck in any interest-bearing account or brokerage account to support the claim that he lost the time value of money.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, "jurisdiction must be shown affirmatively [by the plaintiff], and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Anders v. Verizon Commc'ns*, No. 16-cv-5654 (VSB), 2018 WL 2727883, at *4 (S.D.N.Y. June 5, 2018) (quoting *Morrison v. Nat'l Australia Bank*, 547 F.3d 167, 170 (2d Cir. 2008)). Therefore, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Isbell v. City of New York*, 316 F. Supp. 3d 571, 581 (S.D.N.Y. 2018) (quotation omitted).

## ARGUMENT

This Court lacks subject matter jurisdiction over Plaintiff's purely local New York state law wage-and-hour dispute. Here, Plaintiff deliberately fails to include ADESA NY as a named defendant, and alleges that the Court has original jurisdiction pursuant to the CAFA. Compl. ¶ 26. Plaintiff's argument is belied by unambiguous statute and applicable case law.  Specifically:

- ADESA NY must, or at the very least may, be joined as a proper party to this wage and hour dispute because the company employed Plaintiff; and

- Once ADESA NY – a company organized in and under the laws of New York – joins, CAFA's mandatory "local controversy" and "home state" exceptions will apply such that the Court will no longer have subject matter jurisdiction to hear Plaintiff's uniquely local claim regarding purported violations of New York state wage and hour laws impacting employees based in New York.

Accordingly, and for the reasons set forth more fully below, this Court should join ADESA NY as a defendant, and dismiss this action for lack of subject matter jurisdiction.

### I.   THE COURT SHOULD JOIN ADESA NY AS A PROPER DEFENDANT TO THIS ACTION

#### A.   ADESA NY is a Required Party to this Action

ADESA NY is a required party that must be joined to the present action because ADESA NY previously paid and employed him, and Plaintiff's Complaint seeks redress for purported failure to timely pay wages.  This is exactly the situation a sister court faced in *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006).

In *Mattera,* the plaintiff brought a class action alleging violations of the NYLL on behalf of employees at two New York City-based radio stations. The plaintiff in *Mattera* invoked CAFA jurisdiction, but did not name the class members' New York-based (joint) employer entity as a defendant. The *Mattera* court found that the employer entity, "because it is the employer of a significant number of current sales representatives, all of whom are members of the purported

-4-

class, [wa]s a necessary party to this action under Rule 19(a)." *Id.* at 76. The court reasoned that the unnamed employer would be prejudiced by a judgment against the named defendants, because (1) the complaint is directed at the unnamed entity's compensation practices, and (2) both the named defendants and the unnamed entity "risk double liability or, at a minimum, duplicative litigation with respect to the same [wage] policy at issue." *Id.*

The *Mattera* court's reasoning is on all-fours and should be applied to join ADESA NY to this action. Here, Plaintiff's sole claim – like the claims in *Mattera* – revolves around disputed pay practices: a failure to timely pay wages. *See* Compl. ¶¶ 45, 50. Further, ADESA NY employed each putative class member – more than the "significant number" used by the *Mattera* court – at issue here. *See* Murray Decl. ¶ 6. Most tellingly, Plaintiff admits that ADESA NY was – like the party joined in *Mattera* – his employer. In fact, Plaintiff admits that ADESA NY "manage[d] the New York Adesa locations,"appeared on his "paystubs and health insurance forms," and was "part of a single integrated enterprise that employed [him]." *See* Compl. ¶¶ 14, 16-17, 20.

Finally, ADESA and ADESA NY anticipate that Plaintiff will attempt to avoid joining ADESA NY as a necessary party by alleging ADESA was responsible for the challenged pay practices, that those practices were in place nationwide, and that ADESA's branding appeared on websites relevant to Plaintiff and other workers' services. *See* Compl. ¶¶ 18-19, 24-25. However, these allegations – even if true – are of no moment. Crucially, the *Materra* court considered these same allegations before joining an actual employer to that action. *See Mattera*, 239 F.R.D. at 75-76. In doing so, the *Mattera* court reasoned that because the actual employer was responsible for the pay practices at issue, its "conduct 'forms a significant' basis for Mattera's claims. 239 F.R.D. at 80. Accordingly, the Court should not hesitate in joining ADESA NY as a required party.

**B.    ADESA NY is Otherwise a Proper Party to this Action**

Under Rule 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if: (A) any

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same . . . series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Nothing in the rule "requires a party to support a motion to amend through affidavits or other evidence." *Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 282 (E.D.N.Y. 2014). Instead, the "requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Liegey v. Ellen Figg, Inc.,* No. 02 Civ.1492 JSM JCF, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003).

Here, as detailed further above in Section I(A), *supra*, Plaintiff advances a failure to timely pay wage claim against ADESA, and alleges that ADESA NY appeared on his paystub, managed his employment, and, along with ADESA, was part of a single integrated employer. It is clear, then, that adding ADESA NY would involve both the same transactions or occurrences currently at issue (challenged pay practices), the same questions of fact (what those practices were), and the same questions of law (whether the practices violated law, and who is responsible for the same as an employer). This is exactly what occurred in *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61–62 (S.D.N.Y. 2006) where the court approved adding a putative employer to a wage dispute after finding that:

- Plaintiffs sought damages from the putative employer "arising out of this course of alleged misconduct" it brought against other named individuals, including whether putative employer "failed repeatedly to compensate them for the hours they worked, in accordance with applicable state and federal laws," and

- There were questions of fact and law in common to putative employer including whether putative employer "determined the rate and method of any compensation the plaintiffs received for the work they performed" and acted as "plaintiffs' employer within the meaning of… pertinent New York law, such that any or all of the

-6-

> [initially named or subsequently joined] defendants may be held liable for the damages the plaintiffs seek to recover through this action."

Accordingly, the Court should, like the *Viada* court, add ADESA NY – as Plaintiff's admitted employer – to this action as a proper party.

## II. THE COURT MUST DISMISS THIS ACTION UNDER CAFA'S MANDATORY GEOGRAPHY EXCEPTIONS

CAFA "contains [certain mandatory] exceptions to its application, and where one of the mandatory exceptions applies, a district court must decline to hear the action." *Moore v. IOD Inc.*, No. 14-cv-8406 (VSB), 2016 WL 8941200, at *4 (S.D.N.Y. Mar. 24, 2016). The local controversy and home state controversy exceptions mandate that a "district court shall decline to exercise jurisdiction" over an action where that exception's factors are met. *Moore v. IOD Inc.*, No. 14-CV-8406 (VSB), 2016 WL 8941200, at *5 (S.D.N.Y. Mar. 24, 2016). The two mandatory exceptions "are designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Brook v. UnitedHealth Grp. Inc.*, No. 06-CV-12954, 2007 WL 2827808, at *3 (S.D.N.Y. Sept. 27, 2007) (quoting *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006)). Here, for the reasons set forth below, this Court must apply either or both exceptions to dismiss Plaintiff's uniquely local New York suit.

### A. CAFA's "Local Controversy" Exception Applies

The local controversy exception provides that "a district court 'shall decline to exercise jurisdiction' under CAFA over a class action in which: (1) greater than two-thirds of the proposed class members are citizens of the State in which the action was filed; (2) at least one significant defendant is a citizen of the State in which the action was filed; (3) the principal injuries resulting from the alleged conduct were incurred in the State in which the action was filed; and (4) in the 3-

year period preceding the filing of the action, no other class action had been filed against any of the defendants asserting the same or similar factual allegations. *See* 28 U.S.C. § 1332(d)(4)(A)).

### 1. Greater than 2/3 of class members are New York citizens

The Court is entitled to make the reasonable, common-sense assumption that more than two-thirds of the individuals in Plaintiff's putative class are New York citizens. *See Kurovskaya v. Project O.H.R.*, 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017) (collecting cases, and noting courts "may infer citizenship for the purposes of evaluating whether the citizenship requirement of a CAFA exception has been met"). Here, there are several grounds for making such an assumption. First, Plaintiff defines the class to include only persons who work or have worked for ADESA in New York. *See* Compl. ¶ 31. Second, based on a review of ADESA NY's employment records demonstrates, more than two-thirds of its employees gave a New York address as their place of domicile. *See* Murray Decl. ¶¶ 6-7. Accordingly, ADESA and ADESA NY have shown that more than two-thirds of putative class members are New York citizens. *See Commisso v. PricewaterhouseCoopers*, No. 11-cv-5713 (NRB), 2012 WL 3070217 at *5 (S.D.N.Y. July 27, 2012) (holding that it was "reasonable to assume that at least one-third of the putative class of plaintiffs has New York citizenship because the class is limited to individuals in PwC's New York office" particularly where a search of relevant "Human Resources data management system" showed that 67.4% of putative class members "reported only a New York address.")

### 2. ADESA NY is a significant defendant and citizen of New York

ADESA NY is a significant defendant for CAFA purposes. "Significance" does not require a showing of predominance over the out-of-state defendant, but solely that the relief sought from the in-state defendant, and that defendant's conduct forming a basis for the claim, are important or notable. *Moore v. IOD Inc.*, No. 14-cv-8406, 2016 WL 8941200, at *6 (S.D.N.Y. Mar. 24, 2016). The relief sought from ADESA NY, as the employer entity, represents "a significant portion of

the entire relief sought by the [putative] class," thereby satisfying the remaining requirements of Section 1332(d)(4)(A)(i)(II). *See id.* at *6. Because ADESA NY "employs and pays" the putative class members, and makes the payments that Plaintiff alleges are untimely made, "it is clear that [ADESA NY] is a 'significant defendant' within the meaning of the local controversy exception." *Mattera*, 239 F.R.D. at 80.[4]

In addition, ADESA NY is a citizen of New York. Although ADESA NY is a limited liability company, CAFA treats it as an unincorporated association. S*ee Claridge v. N. Am. Power & Gas, LLC*, No. 15-CV-1261 PKC, 2015 WL 5155934, at *2 (S.D.N.Y. Sept. 2, 2015) ("This Court concludes that as an LLC, North American is an unincorporated association, and its citizenship in a CAFA action is determined pursuant to section 1332(d)(10)") (internal citations omitted). Crucially, under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See* 28 U.S.C. § 1332(d)(10). Here, ADESA NY is a citizen of New York because it is a citizen of New York for purposes of the CAFA exceptions because it is organized under the laws of the State of New York, and its activities are limited entirely to the State of New York. Murray Decl. ¶ 4.

### 3. Principal Injuries Purportedly Incurred in New York

Plaintiff's sole claim – failure to timely pay wages under New York law – focuses on injuries purportedly incurred in New York. Compl. ¶ 46. Plaintiff – a New York citizen – describes his injuries by alleging that the bi-weekly frequency of his pay injured him by preventing him from

---

[4] That ADESA NY is owned by ADESA, Inc. and is a local part of a larger corporate structure involving non-party KAR Auction Services, Inc. is of no relevance to the CAFA analysis. Instead, even if Plaintiff were to assert that ADESA NY has "no assets to satisfy any judgment," it is "ultimately irrelevant to the jurisdictional analysis." *Simmons v. Ambit Energy Holdings, LLC*, No. 13-cv-6240, 2014 WL 5026252, at *6 (S.D.N.Y. Sept. 30, 2014).

"paying bills or buying goods that he needed or wanted to buy." A New York worker residing in New York, this alleged harm was necessarily incurred in New York. Further, Plaintiff has not alleged any concrete harm from which the Court could infer that his injuries occurred other than where he and members of his putative class live and work – New York – and other than pointing to violations of New York Labor Law.  Accordingly, the principal injury factor points to the state. *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (applying local controversy exception to remand CAFA action premised on violations of New York Labor Law after finding that "the injurious conduct is the [wage and hour] policy, which [plaintiff] claims is in violation of New York Labor Law and has harmed, and continues to harm, [class members] for [workplaces] located in New York" particularly where workers "residing and working in states other than New York would not have standing to raise wage claims under New York law").

### 4. No other class actions against Defendants

Finally, "no other class action has been filed asserting the same or similar factual allegations against" either ADESA or ADESA NY, LLC within the last three years. Declaration of Eli Z. Freedberg at ¶ 2.

### B. CAFA's "Home State Controversy" Exception Also Applies

CAFA's other mandatory exception, the "home state controversy" exception, also precludes the Court from exercising subject matter over Plaintiff's NYLL claims. Under the home state controversy exception, a "court must decline to exercise jurisdiction over a class action in which two-thirds or more of the putative class members, and the primary defendant[], are citizens of the state in which the action is originally filed." *Mattera*, 239 F.R.D. at 77; 28 U.S.C. § 1332(d)(4)(B). "[I]n the context of CAFA," courts "have defined the term 'primary defendants' as those parties that are directly liable to plaintiffs and secondary defendants as parties joined under

theories of vicarious liability or for purposes of contribution or indemnification." *Sorrentino v. ASN Roosevelt Ctr.*, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) (collecting cases).

As demonstrated *supra*, greater than two-thirds of Plaintiff's proposed class are comprised of New York citizens, and the primary defendant in this case should be ADESA NY, as it was Plaintiff's and the putative class members' actual employer. Because the "home state controversy" exception applies to Plaintiff's NYLL claim, the Court must again decline to exercise subject matter jurisdiction over it. *See Moore*, 2016 WL 8941200, at *8.

## CONCLUSION

For all of the foregoing reasons, Defendant ADESA and Proposed Defendant ADESA NY respectfully request that this Court grant its motion to dismiss the Amended Complaint in its entirety, with prejudice, and granting Defendant such additional relief that this Court deems just and proper.

Dated: August 3, 2022
New York, New York

LITTLER MENDELSON, P.C.

By: /s/
Eli Z. Freedberg
Miguel A. Lopez
900 Third Avenue
New York, NY 10022.3298
Telephone: 212.583.9600
efreedberg@littler.com
malopez@littler.com

*Attorneys for Defendant ADESA, Inc. and proposed Defendant ADESA New York, LLC*

-11-