UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON ST. JOHN, individually and on behalf of all others similarly situated,<br><br>             **Plaintiff,**<br><br>   v.<br><br>ADESA, INC.,<br><br>             **Defendant.** | Case No.: 22 CV 1257 (GRB) |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOVANTS' MOTION TO DISMISS

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff and the putative Class*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................................ 2

III. ARGUMENT ............................................................................................................................. 3

   A. Adesa NY Should Not Be Joined Under Fed. R. Civ. P. 19 ................................................ 3

      i. Adesa NY is not a necessary party under Rule 19(a)(1) ................................................... 4

         a. Adesa NY is not a necessary party under Rule 19(a)(1)(A) ......................................... 6

         b. Adesa NY is not a necessary party under Rule 19(a)(1)(B) ......................................... 8

      ii. Even if Adesa NY were a necessary party, it is not an indispensable party .................. 10

   B. Adesa NY Should Not Be Joined Under Fed. R. Civ. P. 20 .............................................. 13

   C. This Court Has CAFA Jurisdiction Over This Action ...................................................... 14

IV. CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Am. Trucking Ass'ns v. N.Y.S. Thruway Auth.*, 795 F.3d 351 (2d Cir. 2015)..................passim

*Armata v. Unique Cleaning Servs., LLC*, No. 13 CV 3625,
 2015 U.S. Dist. LEXIS 180995 (E.D.N.Y. Sept. 14, 2015)................................4

*Azamar v. Stern*, 662 F. Supp. 2d 166 (D.D.C. 2009) .......................................................7,10

*Buechel v. Bain*, 97 N.Y.2d 295 (2001)..........................................................................12

*Coley v. Vannguard Urban Improvement Ass'n*, No. 12 CV 5565,
 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018)................................5

*CP Solutions PTE, Ltd. v. GE*, 553 F.3d 156 (2d Cir. 2009)...........................................9,11,13

*Deas v. Alba Carting & Demolition Inc.*, No. 17 CV 3947,
 2018 U.S. Dist. LEXIS 245772 (S.D.N.Y. Jan. 22, 2018)..................................6

*E&G, Inc. v. Mount Vernon Mills, Inc.*, No. 17 CV 318,
 2019 U.S. Dist. LEXIS 241783 (D.S.C. June 24, 2019)......................................13

*Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274 (E.D.N.Y. 2014)......................14

*Garner v. Behrman Bros. IV, LLC*, 260 F. Supp. 3d 369 (S.D.N.Y. 2017).....................4,7

*Granda v. Trujillo*, No. 18 Civ. 3949,
 2019 U.S. Dist. LEXIS 14884 (S.D.N.Y. Jan. 30, 2019)....................................7

*Greenleaf v. Safeway Trails, Inc.*, 140 F.2d 889 (2d Cir. 1944)......................................6

*Hefley v. Textron, Inc.*, 713 F.2d 1487 (10th Cir. 1983)....................................................13

*Holland v. Fahnestock & Co.*, 210 F.R.D. 487 (S.D.N.Y. 2002) ....................................13

*Iraheta v. Lam Yuen, LLC*, No. DKC 12-1426,
 2012 U.S. Dist. LEXIS 169901 (D. Md. Nov. 29, 2012) ..................................7,10

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399 (3d Cir. 1993) .......9,12

*Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492,
 2003 U.S. Dist. LEXIS 9898 (S.D.N.Y. June 11, 2003)....................................14

*Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743 (2d Cir. 1996) ...................................5

*Lliguicota v. Diamond Nail Salon, LLC*, No. 19 CV 2017,
    2022 U.S. Dist. LEXIS 148766 (D. Conn. Aug. 19, 2022) ...............................7

*Local 1180, Communs. Workers of Am. v. City of New York*,
    318 F. Supp. 3d 672 (S.D.N.Y. 2018).................................................4,6,7,10

*Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. 2013)......................................9,11

*Mattera v. Clear Channel Communs., Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006)...................7,8,10,12

*Moreno v. Edcare Mgmt.*, 243 F.R.D. 258 (W.D. Tex. 2007).........................................7,10

*Nixon v. Guzzetta*, 272 F.R.D. 260 (D.D.C. 2011) ............................................................13

*Picard v. Bigsbee Enters., Inc.*, No. 1984-13,
    2017 N.Y. Misc. LEXIS 2052 (Sup. Ct. Albany County May 23, 2017)............5

*Pujol v. Shearson/Amer. Express*, 877 F.2d 132 (1st Cir. 1989)......................................8,9

*Rahman v. Shiv Darshan, Inc.*, No. 12 Civ. 3457,
    2013 U.S. Dist. LEXIS 24750 (E.D.N.Y. Feb. 22, 2013)..................................6

*Romero v. Clean Harbors Surface Rentals USA, Inc.*,
    368 F. Supp. 3d 152 (D. Mass. 2019) ................................................................7

*Roy v. FedEx Ground Package Sys.*, No. 17-30116,
    2020 U.S. Dist. LEXIS 118730 (D. Mass. July 7, 2020)....................................7,9

*Scott v. City of New York*, 340 F. Supp. 2d 371 (S.D.N.Y. 2004) ..................................8

*Stinnett v. Delta Air Lines, Inc.*, 803 F. App'x 505 (2d Cir. 2020).................................12

*Sullivan-Blake v. FedEx Ground Package Sys.*, No. 18-1698,
    2020 U.S. Dist. LEXIS 18094 (W.D. Pa. Jan. 31, 2020)....................................7,10

*Talley v. Loancare Servicing*, No. 15 CV 5017,
    2018 U.S. Dist. LEXIS 149295 (E.D.N.Y. Aug. 31, 2018)................................12

*Temple v. Synthes Corp.*, 498 U.S. 5 (1990)..................................................................1,4

*United States v. Bigley*, No. 14 CV 0729,
    2014 U.S. Dist. LEXIS 167408 (D. Ariz. Dec. 3, 2014) ....................................13

*Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*,
    312 F.3d 82 (2d Cir. 2002)..............................................................................1,11,13

*Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721 (2d Cir. 2000) ............................................3,10

*Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55 (S.D.N.Y. 2005)...................................14

*Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55 (S.D.N.Y. 2006)...................................14

*Wilberding v. Ctr. Capital Group, LLC*, No. 650046/2012,
    2013 N.Y. Misc. LEXIS 5150 (Sup. Ct. N.Y. County Oct. 30, 2013) ................5

*William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co.*, No. 07 Civ. 10639,
    2009 U.S. Dist. LEXIS 21818 (S.D.N.Y. Feb. 23, 2009)....................................7

*Zuccarini v. PVH Corp.*, No. 151755/15,
    2016 N.Y. Misc. LEXIS 673 (Sup. Ct. N.Y. County Feb. 29, 2016) ..................5

**Statutes, Rules, and Regulations**

28 U.S.C. § 1332................................................................................................1,14,15

Fed. R. Civ. P. 19................................................................................................*passim*

Fed. R. Civ. P. 20................................................................................................2,13,14

N.Y. Lab. L. § 191 .......................................................................................................2

N.Y. Lab. L. § 193 .....................................................................................................2,7

**Other Authorities**

4 Moore's Federal Practice – Civil § 20.02 ...................................................................14

I.      PRELIMINARY STATEMENT

The premise of Movants' motion – that jointly and severally liable parties are necessary and indispensable parties under Rule 19 – flies in the face of well-established Supreme Court and Second Circuit precedent.  It is settled law that a plaintiff is not obligated to sue every party that may be liable for the plaintiff's claim. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).  Consistent with this, in this case Plaintiff had two employers – Defendant Adesa, Inc. ("Defendant" or "Adesa, Inc.") and Adesa NY, LLC ("Adesa NY," together with Defendant, "Movants") – but sued only Adesa, Inc. for violations of the New York Labor Law ("NYLL").  Although Plaintiff had every right to choose to sue just one of his employers, Movants now seek, contrary to controlling authority, to add Adesa NY as a defendant in order to eliminate this Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Adesa NY is not subject to mandatory joinder under Rule 19.  It is well established that jointly and severally liable parties are not necessary parties under Rule 19(a).  Because Plaintiff alleges that Movants were both his employers under the single employer doctrine, their liability for any NYLL violations is joint and several, and Adesa NY is not a necessary party.  Moreover, none of the specific criteria set forth in Rule 19(a) for necessary parties are satisfied here.  Plaintiff can obtain complete relief from Adesa Inc., Adesa NY has neither articulated its interest in this case nor shown that its interest will be harmed if it is not joined to the case, and neither Plaintiff nor Adesa Inc. will be subject to inconsistent obligations if Adesa NY is not joined.  Even if Adesa NY were a necessary party under Rule 19(a), it would not be an indispensable party under Rule 19(b).  *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002).  Adesa NY will not be prejudiced by a judgment in its absence, and a judgment rendered in

1

its absence will be adequate. Accordingly, Movants' motion for mandatory joinder under Rule 19 should be denied.

Movants' motion to join Adesa NY pursuant to Rule 20 is frivolous. Rule 20 governs a *plaintiff's* ability to join additional defendants. A defendant – or potential defendant – simply has no right to compel a plaintiff to sue an additional defendant under Rule 20. As Plaintiff cannot be compelled to join Adesa NY as a defendant, this Court has CAFA jurisdiction, and Movants' motion should be denied in full.

## II.   STATEMENT OF FACTS

Plaintiff filed this action against Defendant alleging violations of N.Y. Lab. L. §§ 191, 193. (Compl. ¶¶ 9, 49-52.) Although Plaintiff's paychecks were issued by non-party Adesa NY, Plaintiff alleged that Adesa Inc. was an employer of him and putative class members under a single employer theory. (*Id*. at ¶¶ 17, 20.) Specifically, Plaintiff alleged that Defendant (1) controlled and managed Adesa NY; (2) maintained a single website for itself, Adesa NY, and other Adesa entities, thereby holding all of the entities out to the public as a single unit; (3) posted job listings for all Adesa companies, including Adesa NY, on a single website; and (4) maintained a central human resources office that managed the human resources functions of all Adesa locations, including Adesa NY locations. (*Id*. at ¶¶ 18-19, 21-22.) Plaintiff further alleged that the address of Defendant's headquarters was printed on the paystubs and health insurance forms ostensibly provided by Adesa NY. (*Id*. at ¶ 20.) Movants' motion papers also establish that Adesa NY is a wholly owned subsidiary of Defendant, and that Defendant in fact oversees human resources functions for Adesa NY. (Murray Decl. ¶¶ 1, 5; Murray Ex. A.)

2

### III. ARGUMENT

#### A. Adesa NY Should Not Be Joined Under Fed. R. Civ. P. 19

Courts engage in a two-step analysis to determine whether an absent party must be joined pursuant to Fed. R. Civ. P. 19. *See generally*, *Am. Trucking Ass'ns v. N.Y.S. Thruway Auth.*, 795 F.3d 351, 356-57 (2d Cir. 2015). First, courts consider whether the absent party is necessary under Rule 19(a). A party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a party is not necessary under Rule 19(a)(1), the analysis ends, and the absent party is not subject to mandatory joinder. *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000).

If an absent party is necessary under Rule 19(a)(1) but joinder would deprive the court of subject matter jurisdiction,[1] *i.e.*, joinder of the necessary party is not feasible, the court must determine if the necessary party is, "in the traditional terminology, . . . 'indispensable'" under Rule 19(b). *Am. Trucking Ass'ns*, 795 F.3d at 357. In making this determination, courts consider "whether, in equity and good conscience, the party is one without whom the action between the remaining parties cannot proceed." *Id*. (internal quotation marks omitted). Relevant factors to this analysis are:

---

[1] As set forth in Movants' brief, adding Adesa NY as a defendant in this case would eliminate CAFA jurisdiction and therefore deprive the Court of subject matter jurisdiction.

3

>  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>  (2) the extent to which any prejudice could be lessened or avoided by:
>
>>  (A) protective provisions in the judgment;
>>  (B) shaping the relief; or
>>  (C) other measures;
>
>  (3) whether a judgment rendered in the person's absence would be adequate; and
>
>  (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). In this case, Movants' motion should be denied because Adesa NY is neither a necessary nor an indispensable party.

### i.  Adesa NY is not a necessary party under Rule 19(a)(1)

It is black letter law that where multiple entities or individuals are subject to joint and several liability, a plaintiff need not sue all potential defendants, and the entities that a plaintiff chooses not to sue are not necessary parties under Rule 19(a)(1). *Temple*, 498 U.S. at 7 ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *see also*, *e.g.*, *Local 1180, Communs. Workers of Am. v. City of New York*, 318 F. Supp. 3d 672, 680 (S.D.N.Y. 2018) ("'[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.'") (quoting Fed. R. Civ. P. 19(a) advisory committee's note to 1966 amendment); *Garner v. Behrman Bros. IV, LLC*, 260 F. Supp. 3d 369, 380 (S.D.N.Y. 2017).

Adesa NY is not a necessary party in this case because Plaintiff has alleged that Adesa Inc. was his employer, and if Adesa Inc. and Adesa NY were both his employers, they would be jointly and several liable for any NYLL violations. "An individual may simultaneously have multiple 'employers' for purposes of determining liability under the . . . NYLL." *Armata v. Unique*

4

*Cleaning Servs., LLC*, No. 13 CV 3625, 2015 U.S. Dist. LEXIS 180995, at *8 (E.D.N.Y. Sept. 14, 2015).  When there are multiple employers, they are jointly and severally liable for NYLL violations.  *E.g.*, *Coley v. Vannguard Urban Improvement Ass'n*, No. 12 CV 5565, 2018 U.S. Dist. LEXIS 50787, at *18-19 (E.D.N.Y. Mar. 27, 2018); *Picard v. Bigsbee Enters., Inc.*, No. 1984-13, 2017 N.Y. Misc. LEXIS 2052, at *23-25 (Sup. Ct. Albany County May 23, 2017).

Plaintiff's complaint alleges that Adesa Inc. was his employer under the "well-established . . . single . . . employer doctrine[, which] allow[s] an employee to assert employer liability against an entity that is not formally his or her employee.  *Zuccarini v. PVH Corp.*, No. 151755/15, 2016 N.Y. Misc. LEXIS 673, at *3-4 (Sup. Ct. N.Y. County Feb. 29, 2016) (internal quotation marks omitted).  (Compl. ¶¶ 17-22.)

> A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise. . . .  In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise.

*Wilberding v. Ctr. Capital Group, LLC*, No. 650046/2012, 2013 N.Y. Misc. LEXIS 5150, at *28 (Sup. Ct. N.Y. County Oct. 30, 2013) (internal quotation marks omitted; omission in original).

> The single employer test
>
> examines the interrelation of operations, common management, centralized control of labor relations, and common ownership.  Also relevant are the use of common office facilities and equipment and family connections between or among the various enterprises. . . .  Ultimately, single employer status depends on all the circumstances of the case and is characterized by absence of an arm's length relationship found among unintegrated companies.

*Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) (internal quotation marks and citations omitted); *see also Zuccarini*, 2016 N.Y. Misc. LEXIS 673, at *4.

Movants do not contest that Plaintiff has alleged that Adesa Inc. was his employer under the single employer theory.  If Plaintiff prevails in establishing Adesa Inc.'s employer status,

5

Adesa Inc. and any other employer (such as Adesa NY) would be jointly and severally liable for NYLL violations. Accordingly, Adesa NY cannot be a necessary party. *E.g.*, *Deas v. Alba Carting & Demolition Inc.*, No. 17 CV 3947, 2018 U.S. Dist. LEXIS 245772, at *11-12 (S.D.N.Y. Jan. 22, 2018) ("[U]nder the FLSA an employee may be employed by multiple employers at the same time, and Rule 19 does not require the joinder of all potential joint tortfeasors."); *Rahman v. Shiv Darshan, Inc.*, No. 12 Civ. 3457, 2013 U.S. Dist. LEXIS 24750, at *16 (E.D.N.Y. Feb. 22, 2013) (finding that individual owners who may be jointly and severally liable for FLSA violations are not necessary parties under Rule 19(a) because "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit") (cleaned up). Movants have not and cannot explain why this case is different from the many cases holding that potentially jointly and severally liable parties are not necessary parties. In fact, even absent this black letter law, further analysis of the Rule 19(a)(1) criteria shows that Adesa NY is not a necessary party.

### a. Adesa NY is not a necessary party under Rule 19(a)(1)(A)

Because Plaintiff has alleged that Adesa Inc. was his employer and is therefore jointly and severally liable for any NYLL violations with any other employers, the Court can "accord complete relief" among the current parties to this action. Thus, Adesa NY is not a necessary party under Rule 19(a)(1)(A). Where there is joint and several liability, each defendant or potential defendant is responsible for the full amount of monetary damages. In such cases, "complete relief" can be afforded to the plaintiff from any single defendant or potential defendant. *E.g.*, *Greenleaf v. Safeway Trails, Inc.*, 140 F.2d 889, 890 (2d Cir. 1944) ("Complete relief can be accorded between the plaintiff and [defendant] without the presence of [jointly and severally liable third party] as a party defendant."); *Local 1180, Communs. Workers of Am. v. City of New York*, 318 F. Supp. 3d 672, 678, 680 (S.D.N.Y. 2018) ("Andrews is asserting claims directly against the City.

6

If she prevails, she will obtain relief directly against the City, *i.e.*, an existing party-defendant, whether or not NYCHA is a party."); *William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co.*, No. 07 Civ. 10639, 2009 U.S. Dist. LEXIS 21818, at *53 (S.D.N.Y. Feb. 23, 2009) ("Gross can obtain complete relief in this action, because American's and Cauldwell's liability is joint and several."). Accordingly, in cases where an employee alleges that he has multiple employers, each of whom would be jointly and severally liable for wage and hour or other employment law violations, courts in this Circuit routinely hold that unnamed potential employers are *not* necessary parties under Rule 19(a)(1)(A). *E.g.*, *Lliguicota v. Diamond Nail Salon, LLC*, No. 19 CV 2017, 2022 U.S. Dist. LEXIS 148766, at *7-8 (D. Conn. Aug. 19, 2022) (FLSA and Connecticut wage and hour law); *Granda v. Trujillo*, No. 18 Civ. 3949, 2019 U.S. Dist. LEXIS 14884, at *35 (S.D.N.Y. Jan. 30, 2019) (FLSA and NYLL); *Local 1180, Communs. Workers of Am.*, 318 F. Supp. 3d at 678, 680 (Title VII); *Garner*, 260 F. Supp. 3d at 381 (WARN Act); *see also*, *e.g.*, *Roy v. FedEx Ground Package Sys.*, No. 17-30116, 2020 U.S. Dist. LEXIS 118730, at *5-6 (D. Mass. July 7, 2020) (FLSA); *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 159 (D. Mass. 2019) (FLSA); *Sullivan-Blake v. FedEx Ground Package Sys.*, No. 18-1698, 2020 U.S. Dist. LEXIS 18094, at *4-5 (W.D. Pa. Jan. 31, 2020) (FLSA); *Iraheta v. Lam Yuen, LLC*, No. DKC 12-1426, 2012 U.S. Dist. LEXIS 169901 (D. Md. Nov. 29, 2012) (FLSA); *Azamar v. Stern*, 662 F. Supp. 2d 166, 176-77 (D.D.C. 2009) (FLSA and Maryland and Washington, D.C. wage and hour laws); *Moreno v. Edcare Mgmt.*, 243 F.R.D. 258, 259-60 (W.D. Tex. 2007) (FLSA).

*Mattera v. Clear Channel Communs., Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006), the only case Movants cite in support of their contention that Adesa NY must be joined under Rule 19, does not contradict this well-established authority. The plaintiff in *Mattera* alleged that two defendants violated NYLL § 193 by taking certain deductions from her pay and the pay of other salespeople.

7

The plaintiff sought both monetary and injunctive relief. However, a third company that was not named as a defendant was actually implementing the pay practice that the plaintiff sought to enjoin. The defendants argued that the plaintiff could not "obtain the injunctive relief she [sought] in the absence of [the third company], the entity that actually pa[id] the current sales representatives." *Id*. at 75. Accordingly, the court correctly found that complete relief – which would have to include an injunction against the third company – could not be afforded unless that company was joined as a defendant. *Id*. at 75, 76. In contrast, here Plaintiff does not seek injunctive relief. The only relief sought in the complaint is monetary, and thus Adesa Inc. can afford complete relief. *See Scott v. City of New York*, 340 F. Supp. 2d 371 (S.D.N.Y. 2004) ("[P]laintiffs seek only one form of relief – monetary damages. This relief can be awarded absent joinder by" unnamed party.). Accordingly, Adesa NY is not a necessary party under Rule 19(a)(1)(A).

### b. Adesa NY is not a necessary party under Rule 19(a)(1)(B)

Adesa NY is not a necessary party under Rule 19(a)(1)(B) because its absence from the action does not impair or impede its ability to protect any interest, and Adesa NY's absence does not leave the current parties to this action – Plaintiff and Adesa Inc. – subject to a substantial risk of incurring multiple or inconsistent obligations.

Adesa NY has not attempted to identify *any interest* that it claims is threatened if it is not joined as a Defendant. This is because there are no such interests. Adesa Inc. and Adesa NY have the exact same interest in this case: to secure a judgment that Plaintiff and similarly situated employees were not manual workers and/or that they are not entitled to damages. In fact, because Adesa Inc. is the parent company and sole owner of Adesa NY, the two companies' interests are entirely aligned. *See Pujol v. Shearson/Amer. Express*, 877 F.2d 132, 135 (1st Cir. 1989). Where a party and a non-party have the same interest, the non-party's interest is adequately protected by

8

the party's participation and advocacy in the case. This protection is heightened in the context of parent and subsidiary companies that share the same counsel: "[The parent company's] counsel's motives and ability to defend [the parent company] do not differ significantly, as a practical matter, from [the parent's company's] counsel's motives and ability to protect the [subsidiary company's] interests as well." *Id*. Here, the pending motion makes clear that with respect to this case, both companies are represented by the same counsel, further reflecting the fact that Adesa NY's interests are adequately represented by Adesa Inc. (*See* Notice of Motion.) *E.g.*, *Am. Trucking Ass'ns*, 795 F.3d at 360; *cf. Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 134 (2d Cir. 2013) (discussing Rule 19(b)); *CP Solutions PTE, Ltd. v. GE*, 553 F.3d 156, 160 (2d Cir. 2009) (same)

Nor has Adesa Inc. argued that the failure to add Adesa NY would create a substantial risk that Adesa Inc. would "incur[] double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B). Any argument to that effect would be nonsensical here, as liability for the claims asserted in the case is joint and several, as discussed *supra*. In fact, one of the reasons that joint and several liability does not make a party necessary is that joint and several liability does *not* create a risk of inconsistent obligations.

> The possibility that [Adesa Inc.] may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993). Accordingly, courts routinely reject arguments that the non-joinder of a jointly and severally liable entity would result in "double, multiple, or otherwise inconsistent obligations" for a party. *E.g.*, *Roy*, 2020 U.S. Dist. LEXIS 118730, at *21-25 (in FLSA case, finding that defendant would not

9

be subject to multiple or inconsistent obligations if potential joint employer were not added as a defendant); *Iraheta*, 2012 U.S. Dist. LEXIS 169901, at *17 (same); *Azamar*, 662 F. Supp. 2d at 177 (same); *Moreno*, 243 F.R.D. 258 (same); *see also Sullivan-Blake*, 2020 U.S. Dist. LEXIS 18094, at *8 (same, and noting that "Rule 19(a)(1)(B)(ii) protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other.") (internal quotation marks omitted). To be sure, Movants have not articulated any way in which non-joinder of Adesa NY could result in inconsistent obligations for Adesa Inc. or identified a single case in which a court deemed a jointly and severally liable entity a necessary party under Rule 19(a)(1)(B)(ii).[2]

For all of the foregoing reasons, Adesa NY is not a necessary party under Rule 19(a)(1), and Adesa's motion should be denied. *See Viacom Int'l, Inc.*, 212 F.3d at 724; *Local 1180, Communs. Workers of Am.*, 318 F. Supp. 3d at 680.

### ii. Even if Adesa NY were a necessary party, it is not an indispensable party

Because Adesa NY is not a necessary party under Rule 19(a)(1), the Court need not analyze whether Adesa NY would be an indispensable party under Rule 19(b). *Viacom Int'l, Inc.*, 212 F.3d at 724. Nonetheless, even if Adesa NY were a necessary party under Rule 19(a)(1), it would not be an indispensable party under Rule 19(b). Thus, Adesa NY cannot be subject to mandatory joinder.

---

[2] *Mattera* found that the absent party was necessary party under Rule 19(a)(1)(A) because complete relief could not be accorded in its absence. 239 F.R.D. at 76. Thus, *Mattera* made no holding with respect to Rule 19(a)(1)(B)(ii). To the extent *Mattera* referred to double liability or duplicative litigation, it did so solely with respect to Rule 19(b) and based on its conclusion regarding the unavailability of complete relief. However, *Mattera* did not identify what that double liability or duplicative litigation would be. *Id*.

A jointly and severally liable entity "is not typically an indispensable party to an action" against other jointly and severally liable parties. *Universal Reinsurance Co.*, 312 F.3d at 87. The Second Circuit has further counseled that "very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action *impossible*." *Id*. (internal quotation marks omitted; emphasis added). An analysis of the Rule 19(b) factors shows that this is the typical case where a jointly and severally liable entity is not an indispensable party.

Adesa NY will not be prejudiced in any way if it is not a defendant in this case when a judgment is issued. Fed. R. Civ. P. 19(b)(1). To be sure, Movants' motion does not identify *any* potential prejudice that Adesa NY might face. As discussed *supra*, Adesa Inc. and Adesa NY have identical interests in this case and are represented by the same counsel. It is therefore clear that Adesa NY will not be prejudiced if it is not joined as a defendant. As the Second Circuit has repeatedly recognized, "prejudice to absent parties approaches the vanishing point when the remaining parties are represented by the same counsel, and when the absent and remaining parties' interests are aligned in all respects." *Am. Trucking Ass'ns*, 795 F.3d at 360 (internal quotation marks omitted); *see also Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 134 (2d Cir. 2013); *CP Solutions PTE, Ltd.*, 553 F.3d at 160.

To the extent Movants rely on *Mattera* to establish prejudice under Rule 19(b), the aforementioned well-established law makes clear that there is no actual prejudice.[3] A judgment can have preclusive effect against an absent party only if it is in privity with a party. Under New

---

[3] Of course, *Mattera* only reached the issue of prejudice under Rule 19(b) because it found that the absent party was necessary under Rule 19(a). As discussed above, Adesa NY is not a necessary party under Rule 19(a).

11

York law[4], "[t]wo requirements must be met before collateral estoppel can be invoked. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling." *Buechel v. Bain*, 97 N.Y.2d 295, 303-304 (2001). In addition, "the decisive issue [must have been] necessarily decided in the prior action *against a party, or one in privity with a party*." *Id*. at 304 (emphasis added). "A relationship of privity includes those who are successors to a property interest, those who control an action although not formal parties to it, and those whose interests are represented by a party to the action." *Talley v. Loancare Servicing*, No. 15 CV 5017, 2018 U.S. Dist. LEXIS 149295, at *23 (E.D.N.Y. Aug. 31, 2018) (cleaned up). Privity would exist here only if Adesa NY controlled this action or if Adesa Inc. represented Adesa NY's interests in this action. In other words, a finding of privity would mean that Adesa Inc.'s defense in this case adequately protected Adesa NY's interests. As such, the potential of preclusion does not support the conclusion that Adesa NY would be prejudiced by not being included as a defendant in this action. *See Janney Montgomery Scott, Inc.*, 11 F.3d at 410; *see also*, *e.g.*, *Am. Trucking Ass'ns*, 795 F.3d at 360. On the other hand, if there were no privity between Adesa Inc. and Adesa NY, a judgment in this case would not have preclusive effect on Adesa NY, and Adesa NY would not be prejudiced. Similarly, any assertion that Adesa Inc. could be prejudiced by a judgment rendered in Adesa NY's absence because of a risk of double liability or duplicative litigation simply not the case for the reasons discussed *supra* at 9-10. In short, neither Movant would be prejudiced if this action continues without Adesa NY being named as a defendant.

---

[4] New York law would apply to the collateral estoppel analysis because "[t]he preclusive effect of a judgment rendered by a federal court sitting in *diversity* is determined by the law of the state in which the rendering court sat." *Stinnett v. Delta Air Lines, Inc.*, 803 F. App'x 505, 508 n.3 (2d Cir. 2020) (emphasis in original).

12

In addition, as discussed *supra*, a judgment rendered in Adesa NY's absence would be adequate, as Plaintiff has alleged that Adesa Inc. is jointly and severally liable for all damages in this action. Fed. R. Civ. P. 19(b)(3); *Universal Reinsurance Co.*, 312 F.3d at 88 ("[D]ismissal of a claim for an inability to join additional parties is not warranted where complete relief is available from a remaining party."). Finally, given the lack of prejudice and the availability of complete relief if Adesa NY is not a defendant in this action, that Plaintiff could pursue his claims in state court is insufficient to support a finding that Adesa NY is an indispensable party. *See*, *e.g.*, *CP Solutions PTE, Ltd.*, 553 F.3d at 161 ("[T]he bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action."); *Holland v. Fahnestock & Co.*, 210 F.R.D. 487, 503 (S.D.N.Y. 2002) ("[A]lthough the state court would be an adequate alternative venue, that single factor is not dispositive."). After all, "Rule 19 is about protecting absent persons from unfair prejudice – it is not about giving a named defendant veto power over the plaintiff's chosen forum." *Am. Trucking Ass'ns*, 795 F.3d at 360.

Accordingly, even if Adesa NY were a necessary party under Rule 19(a), it would not be an indispensable party under Rule 19(b), and movants' motion should be denied.

### B. Adesa NY Should Not Be Joined Under Fed. R. Civ. P. 20

Movant's request to add Adesa NY as a defendant pursuant to Rule 20 is procedurally improper and must be denied. Rule 20 governs permissive – *i.e.*, non-mandatory – joinder. As such, "joinder of defendants under rule 20 is a right belonging to plaintiffs. . . . [A] defendant can not use rule 20 to join a person as an additional defendant." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *see also*, *e.g.*, *E&G, Inc. v. Mount Vernon Mills, Inc.*, No. 17 CV 318, 2019 U.S. Dist. LEXIS 241783, at *12 (D.S.C. June 24, 2019); *United States v. Bigley*, No. 14 CV 0729, 2014 U.S. Dist. LEXIS 167408, at *20 (D. Ariz. Dec. 3, 2014); *Nixon v. Guzzetta*, 272 F.R.D. 260,

13

262 (D.D.C. 2011); 4 Moore's Federal Practice – Civil § 20.02(2)(a)(i) ("The defendant has no right to insist that the plaintiff join all persons who could be joined under the permissive party joinder rule.").

Unsurprisingly, movants have not cited a single case in which a court granted a *defendant's* motion to join another party as a defendant under Rule 20. *See Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274 (E.D.N.Y. 2014) (granting *plaintiff's* Rule 20 motion); *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55 (S.D.N.Y. 2005)[5] (recommending denying defendant's motion to sever under Rule 21), *adopted by* 235 F.R.D. 55 (S.D.N.Y. 2006); *Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492, 2003 U.S. Dist. LEXIS 9898 (S.D.N.Y. June 11, 2003) (granting *plaintiff's* Rule 20 motion). Having failed to establish that Adesa NY is subject to compulsory joinder under Rule 19, movants' request to join Adesa NY as a defendant under Rule 20 is frivolous and should be denied.

### C.  This Court Has CAFA Jurisdiction Over This Action

It is evident that Movants made this motion in order to add a defendant that is a New York citizen – Adesa NY – and thereby deprive this Court of diversity jurisdiction. However, if the Court properly denies Movants' motion to join Adesa NY as a defendant, the Court has diversity jurisdiction under CAFA. Movants invoke two exceptions to CAFA jurisdiction: the local controversy exception, and the home state controversy exception. (Movants' Mem. at 7.) Both of these exceptions require at least one defendant to be a citizen of the state where the action was filed. 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B). Adesa Inc. is not a New York citizen.

---

[5] Movants incorrectly characterize *Viada* as "approv[ing] adding a putative employer to a wage dispute[.]" (Movants' Mem. at 6.) In reality, that decision denied a motion to sever made by an individual whom plaintiffs named as a defendant, finding that the plaintiffs had properly sued that individual in accordance with Rule 20.

14

(Compl. ¶¶ 11-12.)  28 U.S.C. § 1332(c)(1).  Thus, if Adesa NY is not joined as a defendant, neither CAFA jurisdiction exception applies, and this Court has subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, movants' motion should be denied in full.

Dated: New York, New York　　　　　　　　/s/ Denise A. Schulman
　　　　September 9, 2022　　　　　　　　　D. Maimon Kirschenbaum
　　　　　　　　　　　　　　　　　　　　　Denise A. Schulman
　　　　　　　　　　　　　　　　　　　　　Josef Nussbaum
　　　　　　　　　　　　　　　　　　　　　JOSEPH & KIRSCHENBAUM LLP
　　　　　　　　　　　　　　　　　　　　　32 Broadway, Suite 601
　　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　　　　　　　212-688-5640

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff and the putative class*

15