UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDERSON ST. JOHN, individually and on behalf of all others similarly situated,

                Plaintiffs,

    -against-

ADESA, INC.,

                Defendant.

Case No. 2:22-cv-01257-GRB-AYS

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Eli Z. Freedberg
Miguel A. Lopez
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Fl.
New York, NY 10022
efreedberg@littler.com
malopez@littler.com
212.583.9600

*Attorneys for Defendant ADESA, Inc. and proposed Defendant ADESA New York, LLC*

## **PRELIMINARY STATEMENT**[1]

Plaintiff's Opposition seeks to weaponize joinder and erect unnecessary and rigid barriers to ADESA NY's justified inclusion in this dispute. In doing so, Plaintiff's Opposition invites the Court to muddy otherwise clear joinder case law and adopt (i) a blanket rule under which non-party joint employers are ***per se* not necessary parties** to wage-and-hour disputes, and (ii) a **complete bar** on defendants filing permissive joinder motions in any dispute. *See* Opp. at 4-6, 13-14. Worse still, in stark contrast to Plaintiff's own admissions that ADESA NY not only employed him but also issued his paychecks and managed his employment, Plaintiff's Opposition now argues that ADESA NY is neither necessary nor indispensable to this wage-and-hour dispute. Simply put, Plaintiff's Opposition misses the mark by a country mile, and fails for four reasons.

First, this Court may add ADESA NY to this dispute as a necessary party. Tellingly, courts in the Second Circuit have declined to adopt a bright-line rule treating non-party employers in wage-and-hour disputes as *per se* not necessary. Instead, the same courts have repeatedly added joint employers where they were responsible for the compensation practices at issue.

Second, ADESA NY is clearly a required party under traditional required joinder principles. Crucially, the Court cannot afford Plaintiff complete relief for ADESA NY's challenged practices through the date of a judgment in this matter as ADESA no longer owned ADESA NY as of May 2022. Plaintiff's relief notwithstanding, ADESA NY is also a required party because:

- ADESA NY has an interest in this wage-and-hour dispute: defending its locally shaped and managed compensation practices from attack by its former/current employees;

---

[1] Capitalized terms and acronyms have the definitions given to them in Defendant's opening Memorandum of Law.

1

- ADESA NY's absence will impair or impede its ability to defend itself given that (i) the parties are disputing the company's policies and practices, (ii) ADESA NY shaped and managed those policies and practices locally, and (iii) ADESA NY is no longer owned by ADESA; and

- ADESA may be at risk of facing multiple or inconsistent obligations because it will likely face additional lawsuits claiming that the company is or remains responsible for ADESA NY's policies and practices pre-dating or surviving its divestment from ADESA NY.

Third, ADESA NY is similarly an indispensable party when applying traditional required joinder factors. This is particularly the case because:

- Plaintiff has a satisfactory alternative forum – New York state court – to pursue his state law wage-and-hour claims against both ADESA and ADESA NY;

- ADESA has a strong interest in avoiding being held solely responsible for purported wage-and-hour violations involving ADESA NY's policies and practices, particularly where ADESA NY shaped and managed those practices locally, and ADESA and ADESA NY are no longer related corporate entities,

- Allowing this matter to proceed with ADESA and ADESA NY as defendants would not only offer a more complete and consistent resolution of this dispute, it would also be more efficient given that ADESA NY would be able to fully participate in defending itself and be directly responsible for providing documents/informant/witnesses regarding the locally shaped and managed policies and practices at issue.

Fourth, and finally, there is nothing frivolous about this motion. Counsel is unaware of any court within the Second Circuit banning defendants from filing permissive joinder motions.

Further, this Court retains the discretion to add ADESA NY separate and apart from permissive joinder rules.

Accordingly, and as explained more fully below, the Court should join ADESA NY pursuant to either Federal Rule of Civil Procedure 19 or 20 and dismiss Plaintiff's claim without prejudice for want of subject matter jurisdiction or, alternatively, dismiss for nonjoinder pursuant to Federal Rule of Civil Procedure 12(b)(7).

## ARGUMENT

### I.   ADESA NY IS A NECESSARY PARTY

ADESA NY, as Plaintiff's actual employer – the party that Plaintiff alleges issued his paychecks, Compl. ¶ 20, and managed the locations at which all putative class members worked, *id.* ¶ 16 – is a necessary party pursuant to Rule 19(a). Contrary to Plaintiff's characterization, the *Mattera* court's finding was not dependent on Plaintiff's request for injunctive relief. In fact, the *Mattera* court did not mention "injunctive relief" in its rationale at all – it mentions the term just once, in a recitation of Defendant's arguments for joinder. *See id.* at 75 ("They argue that Mattera cannot obtain the injunctive relief she seeks in the absence of Capstar, the entity that actually pays the current sales representatives.").

#### A.   No *Per Se* Rule Regarding Putative Joint-Employers as Necessary Parties

Plaintiff's Opposition seems to suggest that non-party putative joint-employers (including single employers) may never be necessary partis to wage-and-hour disputes. *See* Opp. at 1("[i]t is well established that jointly and severally liable parties are not necessary parties under Rule 19(a)"), 4 ("ADESA NY Is not a necessary party in this case because Plaintiff has alleged that ADESA [] was his employer"). However, there is no legal support for such a broad conclusion. In fact, the *Mattera* court found quite the opposite in adding a putative joint-employer to a New York Labor Law wage-and-hour class action as the court held:

3

> I conclude that Capstar, because it is the employer of a significant number of current sales representatives, all of whom are members of the purported class, is a necessary party to this action under Rule 19(a).

*See Mattera v. Clear Channel Commc'ns, Inc.,* 239 F.R.D. 70, 76-77 (S.D.N.Y. 2006).

Rather than addressing *Mattera* directly, Plaintiff's Opposition cites to several cases factually distinguishable from the instant matter and *Mattera*. Specifically, the cited cases all focus on joinder motions that were denied because: (a) the existing named defendant conceded to employing plaintiff;[2] (b) the existing named defendants that managed employees on a day-to-day basis, paid the employees, set their hours/wages, and had the power to hire and fire the employees;[3] or (c) the moving party failed to adequately show that the non-party suitably managed employees.[4] Here, unlike in those cases and like in *Mattera*, Plaintiff not only admitted that ADESA NY employed him, he also admitted that ADESA NY paid him and managed his day-to-day employment. *See* Compl. ¶¶ 16, 20. Accordingly, for this reason alone, Plaintiff's argument is of no moment.

### B.  Plaintiff Cannot Obtain Complete Relief in the Absence of ADESA NY

Not only may ADESA NY be considered a required party as a putative joint-employer,

---

[2] *See Granda v. Trujillo*, No. 18 CIV. 3949 (PAE), 2019 WL 367983 at *4 (S.D.N.Y. Jan. 30, 2019.

[3] *See Deas v. Alba Carting Demolition, Inc.*, No. 17-CV-3947 (RA), 2018 WL 11409286 at *4 (S.D.N.Y. Jan. 22, 2018) (where plaintiff made "specific factual allegations that . . . [defendants] . . . set their hours and pay and assigned them to [] different job sites as needed," and "also allege[d] that [the individual defendant] managed the day-to-day operations and payment of the company's employees and had the power to hire and fire them."); *see also Rahman v. Shiv Darshan, Inc.*, No. 12 CIV. 3457 ILG CLP, 2013 WL 654189 at *4 (E.D.N.Y. Feb. 22, 2013) (where plaintiff alleged that the individual defendant "managed and made all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.") at *4.

[4] *See Granda,* at *12 (S.D.N.Y. Jan. 30, 2019) (where plaintiff failed to "plead facts that suggest that [purported employer] asserted sufficient control over [plaintiff] to sustain [indispensable party] finding.")

4

applying traditional joinder principles, the company is clearly required. Crucially, Plaintiff cannot obtain complete relief in the absence of ADESA NY. Plaintiff is seeking – on behalf of himself and all similarly situated New York-based employees – relief through "the date of final judgment in this matter." Compl. ¶ 31. However, ADESA cannot provide this relief even if it were found to employ some or all members of Plaintiff's putative class. This is because while ADESA was ADESA NY's sole member on the date this action was filed, Carvana purchased ADESA NY and other auction sites from ADESA's parent company – KAR Global – in May 2022.[5] In other words, ADESA would no longer be responsible for any damages after that date. *See* Fed. R. Civ. P. 19(a)(1)(A); *see also Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Advisory Committee's Note, 39 F.R.D. 89, 91 (1966)) ("This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.").

    **C.**    **ADESA NY Has an Interest in Defending Itself Against Claims Related to Its Locally Shaped and Managed Compensation Practices/Policies, and the Company's Absence Would Both Impair/Impede Its Ability to Defend Itself and Expose ADESA to Multiple/Inconsistent Obligations**

Even if Plaintiff could get full relief from ADESA, which he cannot, ADESA NY is still a required party for three reasons. First, ADESA NY clearly has an interest in defending itself in this matter as the sole focus of this matter is ADESA NY's payment policies and practices. Here, Plaintiff's claims focus on allegations regarding the purported harm (a) done by payroll practices, all of which were locally created and managed, *see* Murray Reply Decl. ¶ 5, and (b) suffered by the putative class members, all of whom were employed by ADESA NY, *see* Declaration of Nicole Murray ("Murray Opening Decl.") ¶¶ 3, 6, 7. ADESA NY's interest is even clearer considering its

---

[5] *See* Declaration of Natalie Murray ("Murray Reply Decl.") ¶ 4 (ADESA NY is now fully owned by ADESA US Auction LLC, which in turn is fully owned by Carvana Operations HC LLC).

5

divestment from ADESA/KAR Global. *See* Section I(B) *supra*.

Second, ADESA NY's ability to defend its interest would be impaired and impeded by its continued absence. As it stands, ADESA is the only named defendant. However, ADESA NY, not ADESA, created and managed the policies and practices at issue. In fact, during the relevant time period, payroll practices varied by state, and human resources officers responsible for each ADESA location sat at that location or in a neighboring location, with reporting lines to district managers and regional directors. *See* Murray Reply Decl. ¶ 6. Contrary to Plaintiff's argument in opposition to this motion, ADESA human resources officers based at "headquarters" in Indiana did not directly oversee ADESA's New York locations and would not be able to provide testimony regarding the substantive allegations in Plaintiff's Complaint. *See id.* ¶ 7. ADESA NY could not, then, rely on ADESA to defend its position in this matter. This is particularly the case where ADESA intends on, and will, challenge any joint-employer and single-enterprise finding, and where ADESA divested from ADESA NY.

Third, ADESA would be prejudiced by ADESA NY's continued absence from this matter. Crucially, while Plaintiff chose to bring this action without naming ADESA NY, another party could bring a similar action against ADESA NY without naming ADESA. If another court were to find that, as Plaintiff alleges, ADESA and ADESA NY are jointly and severally liable, ADESA would be at risk of multiple potentially inconsistent obligations. That was one of the bases for the court's holding in *Mattera*: "To allow this action to proceed without Capstar would also result in prejudice to Defendants, who risk double liability or, at a minimum, duplicative litigation with respect to the same charge back policy at issue." 239 F.R.D. at 76.

For the reasons noted above, ADESA NY must be joined as a necessary party.

## II.     ADESA NY IS AN INDISPENSABLE PARTY

As Plaintiff's Opposition concedes, adding ADESA NY would deprive this Court of

6

subject-matter jurisdiction.[6] However, ADESA NY should still be added as an indispensable party. This is because all the required-party factors weigh in favor of dismissing this action after adding ADESA NY. As noted in Section I(C), *supra*, ADESA NY has a strong interest in defending itself against claims that locally shaped and managed policies and practices violated New York state law. Further, ADESA has a strong interest in avoiding being held solely responsible for such violations – particularly those that post-date the company's ownership of ADESA NY.[7] In addition, Plaintiff will not be left without judicial recourse for these purported violations as he and other members of their putative class are free to pursue relief in New York state court. Finally, and most importantly, principles of judicial efficiency require ADESA NY's joinder because, as noted in Section I(c), *supra*, key witnesses, information, and documents all point back to ADESA NY. Proceeding through discovery in this matter, let alone a trial, would be a relative nightmare without

---

[6] *See* Opp. at 3 n.1 ("adding ADESA NY as a defendant in this case would eliminate CAFA jurisdiction and therefore deprive the Court of subject matter jurisdiction."); *see also McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) ("[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.").

[7] Plaintiff incorrectly argues that neither ADESA nor ADESA NY would be prejudiced by ADESA NY's continued absence from this matter under a theory of privity. Opp. at 11-2. However, Plaintiff's Opposition seems to confuse the impacts of different types of privity. Importantly, alleged joint employers *are* in privity with one another for preclusion purposes. *See, e.g.*, *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651 (MKB), 2021 WL 3425378, at *10 (E.D.N.Y. Aug. 4, 2021) ("Although the Individual Defendants were not defendants in the State Court Class Action, they were in privity with GCS as executives of GCS who "exercised operational control over GCS and the terms and conditions of [Plaintiff's] employment."). Plaintiff confuses privity preclusion with contractual preclusion. *See Korenblum v. Citigroup, Inc.*, No. 15-CV-3383 JMF, 2015 WL 6001275, at *2 (S.D.N.Y. Oct. 14, 2015) (distinguishing between preclusion privity and contractual privity). If the parties were to settle Plaintiff's claims, rather than proceed to judgment, they would have to specifically release non-party ADESA NY for ADESA NY not to be subject to the same claims in the future. *See id.* By contrast, if a judgment were entered against ADESA, then ADESA NY would be bound by it even if absent. And if a judgment is entered in ADESA's favor on the grounds that ADESA is not Plaintiff's employer, ADESA NY would still be subject to similar claims and most of the same witnesses would have to go through litigation once again.

7

ADESA NY as a party.

In fact, this was almost the exact situation the *Mattera* court found itself in when joining a putative joint-employer and holding that:

> "Furthermore, [joined employer] qualifies as an indispensable party under Rule 19(b). [Joined employer] would undoubtedly be prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed towards [joined employer]'s own compensation structure and policies. . . . Because of the preclusive impact of a judgment in favor of Mattera, the Court cannot shape its relief to ameliorate this prejudice. On the other hand, there is no reason to believe that Mattera will be prejudiced if her complaint is dismissed, as she may easily proceed in state court with her claim."

239 F.R.D. at 76-77.

## III. THIS COURT HAS THE DISCRETION TO ADD ADESA NY AS A PARTY

The Court is also within its discretion to join ADESA NY under Rule 20(a)(2). Nothing in Rule 20 states or suggests that Defendant cannot move for permissive joinder under this Rule, or that the Court cannot in its discretion join a party as defendant under this Rule – especially a party willing to so be joined. Plaintiff's authorities to the contrary are all from jurisdictions outside the Second Circuit. *See* Opp. Br. at 13-14. And while Plaintiff cites 4 Moore's Federal Practice – Civil § 20.02(2)(a)(i) for this proposition, that treatise – which surveys the law but not does make it – does not cite any Second Circuit case (nor cases from seven other of the thirteen U.S. Courts of Appeals). Courts in this Circuit consistently hold that the "requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Liegey v. Ellen Figg, Inc.,* No. 02 Civ.1492 JSM JCF, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003). Even if the Court were to find that Defendants are not entitled to move under Rule 20, the Court may *sua sponte* join ADESA NY pursuant to Rule 21, which provides: "On motion **or on its own**,

8

the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21 (emphasis added.

For the reasons stated in its opening memorandum of law, ADESA is entitled to permissive joinder of ADESA NY, LLC. *See* Br. at 5-7.

## **CONCLUSION**

For all of the foregoing reasons, Defendant ADESA respectfully requests that this Court grant ADESA's motion to dismiss the Amended Complaint in its entirety, with prejudice, and grant Defendant such additional relief that this Court deems just and proper.

Dated: September 19, 2022  
       New York, New York

LITTLER MENDELSON, P.C.

By: /s/ *Eli Z. Freedberg*  
Eli Z. Freedberg  
Miguel A. Lopez  
900 Third Avenue  
New York, NY 10022.3298  
Telephone: 212.583.9600  
efreedberg@littler.com  
malopez@littler.com  

*Attorneys for Defendant ADESA, Inc. and proposed Defendant ADESA New York, LLC*