**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

ANDERSON ST. JOHN, *individually and on behalf of all others similarly situated*

                Plaintiffs,

    -against-

ADESA, INC.

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

22-CV-1257(GRB)(AYS)

FILED
CLERK
2:31 pm, Sep 21, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**Appearances:**

Daniel Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Joseph & Kirschenbaum LLP
*Attorneys for Plaintiffs*
32 Broadway Suite 601
New York, NY 10004

Eli Z. Freedberg
Miguel A. Lopez
Littler Mendelson, P.C.
*Attorneys for Defendant*
900 Third Avenue
New York, NY 10022

**GARY R. BROWN, United States District Judge:**

## BACKGROUND

Plaintiff Anderson St. John ("plaintiff") worked as a tow truck driver from 2016 to late 2020 for ADESA, Inc., a car auction company with three locations in New York State. Complaint, Docket Entry ("DE") 1 ¶¶ 2, 8-9. Defendant ADESA Inc. is a Delaware corporation with its principal place of business in Indiana. *Id.* ¶¶ 11-12. Plaintiff's duties included driving a tow truck to locations to pick up cars, loading the cars onto the truck, and then driving them to a lot where

1

they would be put up for auction. *Id.* ¶¶ 42-43. Plaintiff alleges that he spent more than twenty-five percent of his shift engaging in manual labor, but was paid on a biweekly basis for his work. *Id.* ¶ 44.

ADESA Inc. managed its nationwide operations through subsidiary LLCs organized in the various states in which it operates. *Id.* ¶¶ 16. ADESA Inc. managed its operations in New York through a wholly owned subsidiary, ADESA NY, LLC ("ADESA NY"). *Id.* ¶¶ 14, 16. Plaintiff alleges that ADESA Inc. and ADESA NY are part of a single integrated enterprise that jointly employed plaintiff and the proposed class members. *Id.* ¶ 17. Specifically, plaintiff alleges that all job openings in New York are posted on a single website, ADESA.com, *id.* ¶¶ 17-18, and that his paystubs included an address for ADESA NY in Indiana, the same location where ADESA Inc. is headquartered. *Id.* ¶ 20. Plaintiff further alleges ADESA Inc. maintained a central human resources office in Indiana from which it managed the human resources needs of all of its nationwide operations, including for ADESA NY. *Id.* ¶ 21. After the filing of the complaint in March 2022, ownership of ADESA NY was transferred to ADESA US Auction, LLC, which is wholly owned by Carvana Operations HC, LLC. *See* Murray Decl., DE 27 ¶¶ 3-4. Thus, ADESA Inc. was no longer part of ADESA NY's ownership structure following the sale. *Id.* ¶ 4.

Plaintiff alleges that ADESA Inc. violated New York Labor Law ("NYLL") § 191 and § 193 by failing to pay timely wages and by unlawfully deducting wages. *Id.* ¶¶ 50-52. Plaintiff now seeks relief against ADESA, Inc. on behalf of himself and a class of "[a]ll persons who work or have worked as Manual Workers for Defendant in New York between the date six years before the commencement of this action and the date of final judgment in this matter." Compl., DE 1 ¶ 31. The asserted basis for jurisdiction is the Class Action Fairness Act of 2005 ("CAFA"). *Id.* ¶ 26. Specifically, plaintiff alleges that the value of the matter exceeds $5,000,000, there are over

2

100 members in the class, the vast majority—if not all of the members—reside in New York, and the vast majority of the class are cititzens of different states than Defendant.  *Id.* at ¶¶ 26-28.

## PROCEDURAL BACKGROUND

Following the filing of plaintiff's complaint on March 8, 2022, defendant ADESA Inc. filed a letter seeking a pre-motion conference before the undersigned.  DE 15.  In its letter, ADESA Inc. requested that the Court join ADESA NY, LLC as a defendant under Rule 19(a) or 20(a)(2) and, once joined, decline to exercise jurisdiction over this matter under both the Local Controversy and Home State exceptions to CAFA, 28 U.S.C. § 1332(d)(3) & (4).  *Id.*  Alternatively, ADESA Inc. sought to dismiss the complaint under Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure state a claim upon which relief can be granted.  *Id.*  By letter dated May 24, 2022, plaintiff responded and opposed ADESA Inc.'s contemplated motion.  DE 16.

On June 29, 2022, the Court held a pre-motion conference and set a briefing schedule for ADESA Inc.'s motion to join ADESA NY under Rule 19, and, if joined, to dismiss for lack of subject-matter jurisdiction under Federal Rule 12(b)(1).  On September 19, 2022, defendant filed its motion, plaintiff's opposition, and defendant's reply.  This opinion follows.

## DISCUSSION

### *Legal Standard*

"The burden of demonstrating that a party is necessary rests with the moving party." *Rahman v. Shiv Darshan, Inc.*, No. 12-CV-3457 (ILG)(CLP), 2013 WL 654189, at *5 (E.D.N.Y. 2013) (*purgandum*).[1]  "In conducting a Rule 19 analysis, a court should take a flexible approach, exercising substantial discretion . . . in determining how heavily to emphasize certain

---

[1] *See Farmers Property and Casualty Insur. Co. v. Fallon, et al.*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "*purgandum*" to indicate the removal of superfluous marks for the ease of reading).

considerations in deciding whether the matter should move forward." *Mieh, Inc. v. Tekno Prods., Inc.,* No. 19-CV-0178 (JPO), 2019 WL 13394565, at *2 (S.D.N.Y. Sep. 11, 2019) (*purgandum*). Because the analysis is fact-based, matters outside the pleadings may be considered. *Rahman*, 2013 WL 654189 at *5.

### *Joinder of ADESA NY, LLC*

Joinder of an absent party is analyzed in two steps. *See Viacom Int'l v. Kearney*, 212 F.3d 721, 724–25 (2d Cir. 2000). The first step requires a determination of whether the absent party is necessary under Federal Rule 19(a). *Id.* If the absent party is necessary, the Court must determine if joinder is feasible. *Id.* If joinder is feasible, then the party must be joined and the court need not proceed to step two. *Id.* But, if joinder is not feasible, the court must determine if the absent party is "indispensable" under Federal Rule 19(b). *Id.* If the absentee party proves to be indispensable but cannot be joined, the action must be dismissed. *Id.*

### *ADESA NY is a Necessary Party*

An absent party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). "[T]he term complete relief refers only to relief as between the persons already parties, and not between a party and the absent person whose joinder is sought." *Arkwright-Boston Mfrs. Mut. Ins. Co., v. New York*, 762 F.2d 205, 209 (2d Cir. 1985). Here, complete relief cannot be accorded between the existing parties as plaintiff seeks relief until "the date of final judgment in this matter," DE 1 ¶ 31, but defendant ADESA Inc. no longer owned ADESA NY as of May 2022. Murray Decl., DE 27 ¶ 4. Even accepting plaintiff's theory that ADESA NY and ADESA Inc. jointly employed him, the subsequent sale of ADESA NY would vitiate the application of the single employer doctrine, and, therefore, joint and several liability at that time. Without joining ADESA NY, the party responsible for the alleged conduct

4

occurring after May of 2022, complete relief cannot be accorded between the already existing parties. *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 76 (S.D.N.Y. 2006) ("It is difficult to see how [plaintiff] could be accorded complete relief without [absent party], the entity that employs and, moreover, pays and makes charge backs to the wages of, members of the putative class.").

Regardless of the sale however, ADESA NY maintains a clear interest in defending its compensation practices. *See* FED. R. CIV. P. 19(a)(1)(B) (requiring joinder of a party where "disposing of the action in the person's absence may: (i) as a practical matter impair or impeded the person's ability to protect the interest."); *Nat'l Cas. Co. v. Gateway Acoustics Corp.*, No. 12-CV-5920 (CBA)(JO), 2014 WL 1330851, at *4 (E.D.N.Y. 2014) ("The court must also be mindful of the policy considerations behind Rule 19 favoring the avoidance of unnecessary or multiple litigation, the provision of complete relief to the parties before it, and the protection of the rights and interests of any absent parties.") (*purgandum*). Though plaintiff alleges ADESA Inc. was unilaterally directing payroll practices for all of its subsidiaries nationwide, DE 1 ¶¶ 14-17, this assertion is belied by the affidavits submitted by ADESA Inc. in support of its motion. Natalie Murray, the Human Resources Director for ADESA East (which oversaw the area encompassing ADESA NY), avers that "ADESA NY is responsible for payroll practices with respect to the individuals it employs. Payroll practices vary by state." DE 27 ¶ 5.

In light of this representation, it is apparent that ADESA NY has a strong interest in being present to defend its payment practices. *See Mattera*, 239 F.R.D. at 76 ("I conclude that Capstar, because it is the employer of a significant number of current sales representatives, all of whom are members of the purported class, is a necessary party to this action under Rule 19(a)."). Thus, ADESA NY is a necessary party.

5

*Joinder is Feasible*[2]

Because ADESA NY is a necessary party, the Court must consider if joinder is feasible without destroying subject-matter jurisdiction. *See Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 7913 (AT), 2014 WL 594085 at *4 (S.D.N.Y. Feb. 11, 2014); *Viacom*, 212 F.3d at 724 (same). Unlike the requisites for diversity actions generally, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A) (providing district courts with jurisdiction over actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant."). For purposes of diversity jurisdiction, "the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)). At the time the complaint was filed, plaintiff was a citizen of New York, DE 1 ¶ 8; defendant ADESA Inc. was a citizen of Delaware and Indiana, DE 1 ¶¶ 11-12; and absentee ADESA NY was a citizen of New York,[3] DE 27 ¶ 2. Joining ADESA NY would not destroy subject-matter jurisdiction as there is still minimal diversity between plaintiff, a citizen of New York, and ADESA Inc, a citizen of Delaware and Indiana. Thus, joining ADESA NY is feasible under Federal Rule 19(a).

---

[2] The Second Circuit has clarified that the home state exception is non-jurisdictional. *See Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013) ("[We] align our Circuit with the Seventh and Eighth Circuits, in concluding that Congress's use of the term 'decline to exercise' means that the exception is not jurisdictional."). The local controversy exception contains the same "shall decline to exercise" language that the Second Circuit addressed in *Gold*. *See Moore v. IOD Inc.*, No. 14-CV-8406 (VSB), 2016 WL 8941200, at *5 n.8 (S.D.N.Y. Mar. 24, 2016) ("[T]he local controversy exception does not deprive me of subject matter jurisdiction, but rather directs that, even though I have jurisdiction under CAFA, I must decline to exercise it."). Put simply, even if an exception applies, the Court retains subject matter jurisdiction but must decline to exercise it. Because the Court does not lose jurisdiction, joinder is feasible.

[3] While ADESA NY is organized as an LLC, LLCs are treated as unincorporated associations under CAFA. 28 U.S.C. ¶ 1332(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). Thus, ADESA NY is a citizen of New York.

Having established that ADESA NY both must be joined and can be joined, the Court considers whether the exceptions to CAFA jurisdiction nonetheless mandate dismissal of the action.[4]

### *Subject Matter Jurisdiction Under 28 U.S.C. § 1332(d)*[5]

The Class Action Fairness Act permits federal courts to exercise jurisdiction over civil actions in which the amount in controversy exceeds $5,000,000, there are 100 or more class members, and when any member of the plaintiff class is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2). The party invoking jurisdiction under CAFA must plead facts "showing that there is a reasonable probability that each jurisdictional perquisite is satisfied." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (*purgandum*). Plaintiff has alleged that minimal diversity exists, the class encompasses more than 100 members, and the matter in controversy exceeds $5,000,000. At this stage, these allegations are sufficient.

### *The Local Controversy Exception*[6]

Defendant contends that the Court should nonetheless decline to exercise jurisdiction under CAFA's mandatory exceptions. Defendant, as the party invoking them, has the burden to prove that the exceptions are applicable. *See Mattera*, 239 F.R.D. at 79. Under the Local Controversy Exception, a court shall decline to exercise jurisdiction:

(i) over a class action in which—

---

[4] Though the Court need not reach the issue of ADESA NY's indispensability as ADESA NY's joinder is feasible, ADESA NY would qualify as indispensable party. *Mattera*, 239 F.R.D. at 76 (finding absent defendant qualified as indispensable because [absent defendant] would undoubtedly be prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed towards [absent defendant]'s own compensation structure and policies."). Further, plaintiff would not be prejudiced by this dismissal as he is free to refile this action in state court, the courts which are regularly tasked with deciding disputes under the New York labor laws.

[5] Though defendant concedes that CAFA's statutory requirements are met and plaintiff concedes that the joinder of ADESA NY would deprive this Court of jurisdiction over this matter under the CAFA exceptions, the Court nonetheless undertakes an independent inquiry as it has an obligation to examine its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

[6] Although non-jurisdictional, a 12(b)(1) motion is the proper procedural vehicle by which a defendant can move for dismissal under CAFA's exceptions. *Hess*, 2023 WL 404384 at *6 (collecting cases).

>   (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>   (II) at least 1 defendant is a defendant—
>   >   (aa) from whom significant relief is sought by members of the plaintiff class;
>   >   (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>   >   (cc) who is a citizen of the State in which the action was originally filed; and
>   (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

*Citizenship of Proposed Class Members*

When determining citizenship of proposed class members, a court may make reasonable assumptions about the makeup of the class, *Commisso v. PricewaterhouseCoopers LLP*, No. 11-CV-5713 (NRB), 2012 WL 3070217, at *5 (S.D.N.Y. July 12, 2012), but the Court need not make assumptions here. Defendant has submitted an affidavit establishing that all 302 ADESA NY employees—a subset of whom are the proposed class members—had a primary residential address in New York. Murray Decl., DE 24 ¶¶ 6-7. Thus, the first requirement is met.

*ADESA NY is a Significant Defendant*

The second element examines the citizenship of the defendants and requires the moving party show one of the defendants is a defendant "from whom significant relief is sought," and "whose alleged conduct forms a significant basis for the claims asserted." 28 U.S.C. § 1332 (d)(4)(A)(i)(II)(aa)–(bb). ADESA NY qualifies as a defendant from whom significant relief is sought by the class members. In particular, "[n]umerous courts have held that a local defendant subject to joint and several liability qualifies under the local controversy exception as a defendant

8

'from whom significant relief is sought by members of the plaintiff class.'" *Moore v. IOD Inc.*, No. 14-CV-8406 (VSB), 2016 WL 8941200, at *6 (S.D.N.Y. Mar. 24, 2016) (collecting cases). Although plaintiff does not seek relief from ADESA NY in its complaint, plaintiff contends in his opposition papers that ADESA NY is jointly and severally liable for his and the class's damages. Further, the sale of ADESA NY in May 2022 establishes a stretch of time within the class period where ADESA NY is singularly liable for any damages incurred by plaintiffs. Thus, ADESA NY is a defendant from whom significant relief is sought.

ADESA NY's conduct also forms a significant basis for the alleged claims. *See id.* at *7 (holding that local defendant's conduct satisfied this prong "because, but for [local defendant's] involvement, Plaintiffs would have no causes of action against [other defendant]."); *Simmons v. Ambit Energy Holdings, LLC*, No. 13-CV-6240 (JMF), 2014 WL 5026252, at *6 (S.D.N.Y. Sep. 30, 2014) ("Put simply, therefore, without [local defendant], there would be *no* basis for many, if not all, of the claims in this case") (emphasis in original). As plaintiff alleges in his complaint, ADESA NY directly employed the proposed class members, paid them weekly, and was the entity directly responsible for carrying out the payroll practice. Further, the Murray affidavit establishes that ADESA Inc.'s payroll practices varied from state to state, with ADESA NY controlling the payroll practices that allegedly injured all of the proposed class members. ADESA NY's conduct is indisputably a significant basis for the alleged claims. *See Mattera*, 239 F.R.D. at 80.

As to the final prong, ADESA NY is a citizen of the State in which the suit was filed. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Here, ADESA NY is organized under New York law. DE 24 ¶ 4. Thus, ADESA NY is a citizen of New York for the purposes of assessing jurisdiction under CAFA.

9

*Principal Injuries*

Third, the principal injuries occurred solely in New York. Plaintiff and the proposed class members are all New York domiciliaries, who worked for ADESA NY in New York, and assert claims arising solely under New York law.

*Other Class Actions*

Plaintiffs' counsel represents that there has been no other class action asserted against these defendants by the same proposed class within the preceding three years. Decl. of Eli Z. Freedberg, DE 23 ¶ 2. Thus, all of the requirements of the Local Controversy Exceptions are met and the Court shall decline to exercise jurisdiction over this matter.

**CONCLUSION**

Defendant's motion to join ADESA NY is as a necessary party is **GRANTED** and Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is **GRANTED**. As such, this matter is **DISMISSED** without prejudice to its refiling in state court.

**SO ORDERED.**

Dated: September 21, 2023
      Central Islip, New York

                                /s/ Gary R. Brown
                                GARY R. BROWN
                                UNITED STATES DISTRICT JUDGE