23-7560
*St. John v. Adesa, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> BETH ROBINSON,
>> *Circuit Judges.*

─────────────────────────────────────

ANDERSON ST. JOHN,

> *Plaintiff-Appellant*,

v.                                                                                          No. 23-7560-cv

ADESA, INC.,

> *Defendant-Appellee*.

─────────────────────────────────────

CERTIFIED COPY ISSUED ON 06/13/2024

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | D. Maimon Kirschenbaum, Denise A. Schulman, Joseph & Kirschenbaum LLP, New York NY. |
| FOR DEFENDANT-APPELLEE: | Eli Zev Freedberg, Littler Mendelson, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

A tow truck driver, Anderson St. John, filed this putative class action lawsuit against his former employer, ADESA, Inc. (the "Defendant"), alleging that the Defendant violated New York Labor Law by failing to pay timely wages and by unlawfully deducting wages of its employees who worked as manual workers in New York state. St. John's complaint defined the purported class as:

> All persons who work or have worked as Manual Workers for Defendant in New York between the date six years before the commencement of this action and the date of final judgment in this matter (the "Class").

Joint App'x at 8–9.  St. John also identified a subsidiary company, ADESA NY, LLC, which he alleged formed "a single integrated enterprise" with the Defendant and managed the Defendant's New York operations.  *Id.* at 7.

The Defendant moved to add ADESA NY as a necessary party pursuant to Federal Rule of Civil Procedure 19(a). In so doing, the Defendant disclosed that it had relinquished ownership of ADESA NY in May 2022—several months after St. John filed his complaint. Although St. John had not sought relief from ADESA NY, the district court granted the motion and joined the Defendant's former subsidiary as a necessary party. It then dismissed the case after determining that joining ADESA NY as an in-state defendant would require the court to decline to exercise jurisdiction under the Class Action Fairness Act. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We conclude that the district court erred in joining ADESA NY as a necessary party under any of the three prongs of Rule 19(a).

First, joinder would be necessary if ADESA NY's absence would prevent the district court from according "complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). It is well-established that co-employers do not become necessary parties merely because they may share joint and several liability. *See Samaha v. Presbyterian Hosp.*, 757 F.2d 529, 531 (2d Cir. 1985) (per curiam). The district court nevertheless reasoned that it needed to join ADESA NY because the complaint seeks relief on behalf of those who worked for the Defendant "until the date of final judgment in this matter," and the Defendant could no longer provide relief beyond May 2022—midway through the matter—once it relinquished ownership of ADESA NY and (assumedly) stopped

3

employing New Yorkers. Joint App'x at 51. But even assuming that the Defendant no longer employed any class member after May 2022, that does not mean that the district court needed to join additional employers to accord the requested relief. The complaint seeks monetary relief, only retrospectively, only from the Defendant (not any subsidiary), and only for the period when the Defendant employed the purported class members—*i.e.*, the six-year period before May 2022. *Cf. Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 76 (S.D.N.Y. 2006) (absentee owner-employer was a necessary party where complaint sought class-wide injunctive and declaratory relief from the owner of the workplace, even if ownership had changed). If the Defendant stopped employing New York class members, the window of possible relief *as to the existing parties* closed under the complaint's own terms. The fact that class members would not obtain further relief from another employer, such as ADESA NY, is irrelevant. *See Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 385 (2d Cir. 2006) ("Rule 19(a)(1) is concerned only with those who are already parties.").

Second, joinder would be necessary if ADESA NY's absence would "as a practical matter impair or impede" its "ability to protect the interest" it claims in this litigation. Fed. R. Civ. P. 19(a)(1)(B)(i). The district court reasoned that joinder was alternatively necessary on this basis because "ADESA NY maintains a clear interest in defending its compensation practices." Joint App'x at 52. Even so, ADESA NY faces no impairment to that interest if this case proceeds in its absence. Any "prejudice to absent parties

4

approaches the vanishing point" in the Rule 19(a) context "when the remaining parties are represented by the same counsel, and when the absent and remaining parties' interests are aligned in all respects." *American Trucking Ass'n v. New York State Thruway Auth.*, 795 F.3d 351, 360 (2d Cir. 2015) (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 134 (2d Cir. 2013)). ADESA NY and the Defendant are represented by the same counsel, and their interests as co-employers are aligned because they seek to defend the same pay practices. Indeed, if their interests were not aligned, then their shared counsel would likely be conflicted out of dual representation. *See id.* Their counsel has identified no such conflict.

Third and finally, joinder would be necessary if ADESA NY's absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). The district court did not reach this prong, but we likewise conclude that the Defendant would confront no such substantial risk. Concern about "jury confusion," "the possibility of inconsistent verdicts," or "rights of contribution" in any future litigation which might implicate the Defendant "amounts to nothing more than the fact that" its absentee subsidiary is alleged to have been a joint employer. *Samaha*, 757 F.3d at 531. In other words, that concern is no different from when "a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable," *id.*, and is therefore unpersuasive grounds for joining the Defendant's former subsidiary as a necessary defendant.

5


Given that joinder of ADESA NY was not necessary, the district court also erred in dismissing the case. The parties agree, as do we, that the district court had original jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d). Without joining ADESA NY as an in-state defendant, the exceptions with regard to the exercise of that jurisdiction—the so-called "Home State" and "Local Controversy" exceptions—were not properly triggered. *See id.* §§ 1332(d)(3), (4).

\*       \*       \*

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit