

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298


Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

August 9, 2024

**VIA ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re:   *St. John v. Adesa, Inc.*, No. 2:22-cv-01257-GRB-AYS (E.D.N.Y.)

Dear Judge Brown:

  This firm represents Adesa, Inc. ("Adesa") in this proceeding. Pursuant to Section III.g of Your Honor's Individual Practice Rules, we respectfully request leave to move for the dismissal of Plaintiff's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a temporary stay of these proceedings pending the New York State Court of Appeals expected resolution of the issues discussed below.

  **Background.** In his single count complaint brought under New York Labor Law ("NYLL") Sections 191 and 198, Plaintiff seeks "to recover untimely" wage payments from Adesa because its subsidiary—Adesa NY, LLC—supposedly failed to pay him on a weekly basis (Doc. 1, ¶ 1). Although Plaintiff does not allege that he was denied any wages due or was paid less than what was due him, he contends that he should have been paid weekly, not biweekly, because he spent "more than twenty-five percent of" his days as a tow truck driver doing laborious things like" driving vehicles to their proper places" and "driving away vehicles" (*Id.*, ¶ 43). And because he does not claim any wages are actually due him, the remedy he seeks is simply "liquidated damages," along with "reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL [Section] 198" (*Id.*, ¶ 52).

  **Argument.** According to Plaintiff, anyone claiming to be a "manual worker" within the meaning of NYLL Section 191 has a private right of action to seek liquidated damages, fees and costs for being fully paid on a biweekly, instead of weekly, basis. But that is hardly the case.

  New York's state courts cannot agree if a "manual worker" can state a private cause of action for being fully paid on a biweekly basis. *Compare Grant v. Global Aircraft Dispatch*, 223 A.D.3d 712, 719 (N.Y. App. Div. 2d Dep't 2024), *appeal pending* (concluding NYLL §§ 191 and 198 do not "provide a private right of action to recover liquidated damages, prejudgment interest, and attorneys' fees where a manual

littler.com

Hon. Gary R. Brown
August 9, 2024
Page 2

worker is paid all of his or wages biweekly") *with Vega v. CM & Assoc. Constr. Mgmt.*, 175 A.D.3d 1144, 1146 (N.Y. App. Div. 1st Dep't 2019) (the NYLL "expressly provides a private right of action for a violation of Labor Law § 191). New York's federal courts also cannot agree on whether a private right of action exists for a "manual worker" to recover liquidated damages, interest, fees and costs for being fully paid on a biweekly basis. *Compare Galante v. Watermark Servs. IV*, No. 23-cv-6227, 2024 WL 989704, at *10 (W.D.N.Y. Mar. 7, 2024) (adopting *Grant* and rejecting *Vega*) *and Espinal v. Sephora USA*, No. 22-cv-3034, 2024 WL 3589604 (S.D.N.Y. July 31, 2024) (same) *with Levey v. Endeavor Air*, No. 21-cv-4387, 2024 WL 1422322, at *3 (E.D.N.Y. Mar. 29, 2024) (rejecting *Grant* and affirming *Vega*). The Southern District has refused to resolve the issue at all at this time, pending potential review of *Grant* by the New York Court of Appeals. *Urena v. Sonder USA*, No. 22-cv-7736, 2024 WL 1333012, at *3 (S.D.N.Y. Mar. 28, 2024) (refusing to resolve debate between *Grant* and *Vega* and staying case pending completion of appellant proceedings in *Grant* to the New York Court of Appeals); *Clark v. Cooperfriedman Elec. Supply Co., Inc*., No. 23-cv-7806, 2024 U.S. Dist. LEXIS 139331 at *17 (S.D.N.Y. Aug. 5, 2024) (same); *Pry v. Auto-Chlor Sys., LLC*, No. 23-cv-4541, 2024 U.S. Dist. LEXIS 140785 (S.D.N.Y. Aug. 7, 2024) (same). And this Court recently certified the issue for resolution by the Second Circuit on interlocutory appeal, due to "the split among the Appellate Divisions" and "the conflicting views of the district courts." <u>Memorandum of Decision and Order</u> at 2, *Birthwright v. Advance Stores Co.*, No. 22-cv-593 (E.D.N.Y. filed July 24, 2024) (Brown, J.).

The Court should therefore allow the parties to brief the issue of whether a "manual worker" can state a private right of action to recover liquidated damages, pre-judgment interest, attorneys' fees and costs for being fully paid on a biweekly, as opposed to a weekly, basis. If the Court grants Adesa's motion, Plaintiff can appeal directly to the Second Circuit. If the Court denies Adesa's motion, the Court can certify the question for interlocutory review and possible consolidation with the forthcoming *Birthwright* appeal. Alternatively, the Court could enter a stay of all proceedings in this matter pending resolution of the *Birthwright* appeal—an approach that would certainly foster Rule 1's goal of ensuring "the just, speedy, and inexpensive determination" of this and other actions presently centered on this issue.

For these reasons, the Court should either (A) grant Adesa's request and thereby permit Adesa to move to dismiss Plaintiff's claim; or (B) temporarily stay this matter pending resolution of the *Birthwright* appeal, which would certainly foster judicial comity and minimize the expenditure of time and resources by the parties and the Court in addressing an issue which may soon be addressed by the Second Circuit.

Sincerely,

**<u>/s/ Eli Z. Freedberg</u>**

Eli Z. Freedberg
Shareholder

EZF